# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BOSTON RETIREMENT SYSTEM on behalf of itself
and all others similarly situated,

Plaintiffs,

- v. -

ALEXION PHARMACEUTICALS, INC.;
LEONARD BELL; DAVID L. HALLAL; VIKAS
SINHA; DAVID BRENNAN; DAVID J.
ANDERSON; LUDWIG N. HANTSON; and
CARSTEN THIEL,

Defendants.

Case No. 3:16-cv-02127-AWT

**AUGUST 6, 2020**

### DEFENDANTS' REPLY BRIEF IN RESPONSE TO LEAD PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs now bring to the Court's attention a recent settlement between Alexion and the SEC in which the SEC entered an Order Instituting Proceedings ("SEC Order") alleging improper payments to foreign government officials under the Foreign Corrupt Practices Act ("FCPA"). But the allegations in the FCPA settlement do not support Plaintiffs' scienter theory in this case because the unproven alleged conduct (1) is substantively different than the conduct alleged in the class action lawsuit; (2) does not implicate any senior Alexion executive allegedly responsible for fraud in this case; (3) does not show a "pattern" of unlawful activity sufficient to support a scienter theory; and (4) constitutes mere allegations, not admissions. The FCPA settlement thus does not assist Plaintiffs in pleading scienter in this case.

*First,* the allegations at issue in the SEC settlement are different from the conduct alleged in this action. After this Court stated its intent to dismiss the complaint (ECF No. 114), Plaintiffs filed an Amended Complaint that withdrew their reliance on "pull-in" sales and events in Brazil, to focus instead on purportedly "illegal and unethical" sales practices described in a *Bloomberg* article. ECF No. 142 (conceding in opposition brief that Amended Complaint "does not focus on pull-in sales or events in Brazil"). These sales practice allegations, which concern Alexion's patient identification efforts, are untethered from the allegations in the SEC Order, which claims that Alexion employees in Turkey and Russia made improper payments to foreign officials in return for favorable regulatory treatment, and that Alexion employees in Colombia and Brazil created inaccurate records concerning payments to patient advocacy organizations.

*Second,* not only is the alleged FCPA-related conduct different from the conduct alleged in the class action, but there is no suggestion in the SEC settlement that the alleged FCPA violations were directed by—much less known to—any senior executives of Alexion, who are alleged to have made false statements. Because Plaintiffs must demonstrate intent to defraud by the individual defendants who actually ***made*** the alleged false statements (or, at minimum, senior

management whose intent can be imputed to Alexion), the SEC settlement cannot support scienter here.  *See Jackson* v. *Abernathy*, 960 F.3d 94, 98-99 (2d Cir. 2020).

*Third,* Plaintiffs incorrectly contend that unrelated, unproven allegations in an SEC settlement support scienter by showing a "sustained pattern of illegal and unethical conduct." Plaintiffs' authorities do not support this argument: In *In re Symbol Techs.*, *Inc. Sec. Litig.*, the former CEO had ***pleaded guilty*** to the very same inventory level accounting manipulation that was at issue in the class action, but during a later time frame.   2013 WL 6330665, *1-2 (E.D.N.Y. Dec. 5, 2013).   In *Takata* v. *Riot Blockchain, Inc.*, the court explicitly rejected the inferential leap that defendant's past involvement in pump-and-dump schemes at other companies could "independently support an inference" of scienter for "conduct at issue in this action," but at most support the inference that the individual defendant generally knew that "concealing his stock sales was deceptive." 2020 WL 2079375, *16 (D.N.J. Apr. 30, 2020). And, in *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, the "sustained pattern of repeated manipulations and misrepresentations over a period of more than two and one-half years" was a single course of conduct, not disparate, unrelated acts. 387 F. Supp. 2d 1130 (D. Colo. 2005).

*Finally,* the allegations in the FCPA settlement are simply unproven allegations; Alexion neither admitted nor denied the allegations, resolved the matter for an immaterial 0.42% of its 2019 revenue, and also announced that the DOJ had declined to prosecute its related investigation.  *See* Alexion Pharms., Inc. Quarterly Reports (Forms 10-Q) at 29 (May 6, 2020), at 33-34 (July 30, 2020).   And the mere fact of the SEC's investigation itself does not bolster allegations of scienter.   *See Lipow* v. *Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 167 (S.D.N.Y. 2015) ("[G]overnment investigations cannot bolster allegations of scienter that do not exist, and, as currently plead, the government investigations are just that, investigations.").

Dated:   August 6, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

BY:  _____*/s/ Daniel J. Kramer*_____
Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com

WIGGIN & DANA

David A. Ring
265 Church Street
P.O. Box 1832
New Haven, CT 06510
Phone:  (860) 297-3703
dring@wiggin.com

*Attorneys for Alexion Pharmaceuticals, Inc.,*
*Leonard Bell, David L. Hallal, Vikas Sinha,*
*David Brennan, David J. Anderson, Ludwig N.*
*Hantson, and Carsten Thiel*

4