# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

BOSTON RETIREMENT SYSTEM on behalf of itself
and all others similarly situated,

Plaintiffs,

- v. -

ALEXION PHARMACEUTICALS, INC.;
LEONARD BELL; DAVID L. HALLAL; VIKAS
SINHA; DAVID BRENNAN; DAVID J.
ANDERSON; LUDWIG N. HANTSON; and
CARSTEN THIEL,

Defendants.

Case No. 3:16-cv-02127-AWT

**SEPTEMBER 21, 2020**

### DEFENDANTS' REPLY BRIEF IN RESPONSE TO LEAD PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Plaintiffs' supplemental brief relies entirely on an inapposite and out-of-circuit decision from the Northern District of Illinois, *Holwill* v. *AbbVie Inc.*, 2020 WL 5235005 (N.D. Ill. Sept. 1, 2020). *Holwill* does not assist Plaintiffs to plead either falsity or scienter.

In *Holwill*, the Illinois court denied defendants' motion to dismiss fraud claims alleging that AbbVie had "made representations attributing its growth and success" to its sales and marketing practices—including affirmative representations "that those practices and programs complied with laws regulating sales and marketing of prescription medication." Contrary to those affirmative assurances, however, the company allegedly was engaged in an unlawful kickback scheme to bribe and influence physicians to prescribe an AbbVie drug.

Unlike *Holwill,* Plaintiffs here do not allege that Alexion made any affirmative misrepresentations that specific sales and marketing practices complied with law, let alone that Alexion made such affirmative misrepresentations whilst it was engaged in those allegedly illegal practices.[1] Instead, relying on a *Bloomberg* article that questioned the ethics of Alexion's lawful but allegedly aggressive sales practices, the Plaintiffs here complain that Alexion should have characterized its own (fully disclosed) sales practices in the same pejorative manner as described in the *Bloomberg* article. ECF No. 121 at 73-75. Plaintiffs can point to no affirmative misstatement whatsoever. This complaint is a far cry from *Holwill,* where the defendants affirmatively misrepresented that certain illegal conduct was not occurring. And, unlike in *Holwill*, there are no well-pleaded allegations in the complaint that Alexion paid kickbacks in violation of federal law, much less that senior executives knew it and lied about it.

Plaintiffs also rely on the finding in *Holwill* that AbbVie's Code of Conduct contained "unqualified statements regarding AbbVie's conduct" that could plausibly constitute a material

---

[1] In the Amended Complaint (ECF No. 121), Plaintiffs focused on certain Alexion sales practices described in a Bloomberg article and withdrew their reliance on alleged "pull-in" sales conduct and conduct occurring in Brazil. ECF No. 142 at 4.

misrepresentation, including, for example, that AbbVie "never offer[s] or provide[s] anything of value to healthcare professionals or other individuals to inappropriately influence their medical judgment or purchasing or prescribing practices. . ." *Holwill* at \*4.  That statement was directly at odds with plaintiffs' allegations that "AbbVie provided classic kickbacks to physicians" including cash, meals, gifts, and other benefits.  *Id.* at \*1. By contrast, here, Plaintiffs merely allege that Alexion's Code of Ethics states that Alexion "complies with the PhRMA Code."  The PhRMA Code, in turn, contains an aspirational goal that "pharmaceutical company representatives act with the highest degree of professionalism and integrity."  This statement is not rendered false merely because Plaintiffs now question the integrity of Alexion's sales practices—or even if some employees failed to live up to the highest aspirational standards.   As the Second Circuit has repeatedly held, such general statements about integrity and compliance with ethical standards are inactionable.  *See Singh* v. *Cigna Corp*., 918 F.3d 57, 63 (2d Cir. 2019), *City of Pontiac Policemen's & Firemen's Ret. Sys.* v. *UBS AG*, 752 F.3d 173, 185 (2d Cir. 2014); *ECA, Local 134 IBEW Joint Pension Tr. of Chi.* v. *JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009).

Plaintiffs also argue that the *Holwill* decision supports finding a strong inference of scienter.   But in finding that scienter was pleaded in *Holwill,* the court relied heavily on allegations that AbbVie executives had spoken on the precise subjects concealed by the fraud while in possession of information regarding the improper nature of those practices; had made at least one false statement defending the sales and marketing practices after the allegedly unlawful kickback scheme became public; had expressed "reluctance to delve into the details of the conduct" that it claimed was driving growth; and had made affirmative representations that it did not engage in  kickbacks to healthcare professionals.  *Holwill* at \*5.  None of those alleged facts are present here.  To the contrary, the complaint lacks any factual allegations showing that any

Alexion executive intentionally misstated any information about the sales practices criticized in the *Bloomberg* article.

Finally, Plaintiffs note that the *Holwill* court found that allegations of *similar* prior wrongdoing (*i.e.*, AbbVie's history of providing kickbacks to physicians to increase prescriptions of another of its drugs) can add to the inference of scienter. *Id.* But the court also found that allegations of *different* types of misconduct (*i.e.*, allegation of unfair competition practices) provide "little value to provide an inference of Defendants' deceptive intent." *Id.* As Defendants previously explained, "pattern" allegations that Alexion made improper payments to foreign officials in Russia and Turkey do not support Plaintiffs' scienter theory in this case. *Inter alia*, the alleged conduct at issue in this lawsuit (*i.e.*, a scheme to defraud Alexion's shareholders) is substantively different to the alleged improper payment of foreign officials in return for favorable regulatory treatment and was not even conducted by the same people. ECF No. 157.

For these reasons, the *Holwill* decision does not assist Plaintiffs in pleading any material misstatements or omissions about Alexion's sales practices, or in pleading a strong inference that Defendants acted with intent to defraud Alexion's shareholders.

Dated:   September 21, 2020

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

BY:   _____*/s/ Daniel J. Kramer*_____
Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com

WIGGIN & DANA

David A. Ring
265 Church Street
P.O. Box 1832
New Haven, CT 06510
Phone:  (860) 297-3703
dring@wiggin.com

*Attorneys for Alexion Pharmaceuticals, Inc., Leonard Bell, David L. Hallal, Vikas Sinha, David Brennan, David J. Anderson, Ludwig N. Hantson, and Carsten Thiel*

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

<u>/s/ David A. Ring</u>
David A. Ring