## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, VIKAS SINHA, DAVID BRENNAN, DAVID J. ANDERSON, LUDWIG N. HANTSON, and CARSTEN THIEL,<br><br>Defendants. | Civ No. 3:16-cv-02127-AWT<br><br>Hon. Alvin W. Thompson<br><br><br><br><br><br>July 28, 2021 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE BY PUTATIVE CLASS MEMBER ALGER FOR THE LIMITED PURPOSE OF PREVENTING CLAIM EXPIRATION UNDER THE STATUTE OF REPOSE**

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ...........................................................................................................................3

ARGUMENT .................................................................................................................................5

    1.    The Motion to Intervene Is Timely ................................................................8

    2.    Alger's Claims Share Common Questions of Law and Fact With Those of the Class ...............................................................................10

CONCLUSION ............................................................................................................................11

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Additional Ass'n of Connecticut Lobbyists LLC v. Garfield*,
  241 F.R.D. 100 (D. Conn. 2007) .................................................................................... 10

*Aly v. Valeant Pharm. Int'l Inc*,
  1 F.4th 168 (3d Cir. 2021) ............................................................................................... 8

*American Pipe & Construction Co. v. Utah*,
  414 U.S. 538 (1974) ......................................................................................................... 6

*California Public Employees' Retirement System v. ANZ Securities, Inc.*
  137 S. Ct. 2042 (2017) ..................................................................................................... 6

*Citizens Against Retail Sprawl v. U.S. Army Corps of Eng'rs*,
  No. 04-CV0328E, 2007 WL 2778605 (W.D.N.Y. Sept. 18, 2007) ............................... 10

*Crown, Cork & Seal Co. v. Parker*,
  462 U.S. 345 (1983) ..................................................................................................... 6, 8

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
  149 F.R.D. 55 (S.D.N.Y. 1993) ....................................................................................... 5

*Floyd v. City of New York*,
  302 F.R.D. 69 (S.D.N.Y. 2014), *aff'd in part, appeal dismissed in part*, 770 F.3d 1051 (2d Cir. 2014) ................................................................................................................................ 9

*Floyd v. City of New York*,
  770 F.3d 1051 (2d Cir. 2014) .......................................................................................... 8

*In re Envision Healthcare Corp. Sec. Litig.*,
  3:17-cv-01112 (M.D. Tenn.) ................................................................................. 7, 9, 10

*In re Holocaust Victim Assets Litig.*,
  225 F.3d 191 (2d Cir. 2000) ............................................................................................ 8

*In re Publ'n Paper Antitrust Litig.*,
  2005 WL 1629633 (D. Conn. July 5, 2005) .................................................................... 9

*In re WorldCom Sec. Litig.*,
  496 F.3d 245 (2d Cir. 2007) ............................................................................................ 7

*Merck & Co. v. Reynolds*,
  559 U.S. 633 (2010) ......................................................................................................... 5

*Ontario Tchrs.' Pension Plan Bd. v. Teva Pharmaceutical Industries Ltd.*,
  No. 3:17-cv-00558-SRU (D. Conn.) ................................................................................ 1

*Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013) .......................................................................................... 6, 8

*Sjunde AP-Fonden v. Gen. Elec. Co.*,
  417 F. Supp. 3d 379 (S.D.N.Y. 2019).................................................................................. 6

*State of N.Y. v. Reilly*,
  143 F.R.D. 487 (N.D.N.Y. 1992) ...................................................................................... 10

*U.S. Postal Serv. v. Brennan*,
  579 F.2d 188 (2d Cir. 1978).............................................................................................. 5

*U.S. v. Pitney Bowes, Inc.*,
  25 F.3d 66 (2d Cir. 1994).............................................................................................. 5, 9

**Statutes**

28 U.S.C. § 1658(b) .................................................................................................................. 5

**Other Authorities**

James J. Mayer, *Rejecting the Class Action Tolling Forfeiture Rule*, 94 N.Y.U. L. REV. 899
  (2019)................................................................................................................................ 6

Moore's Fed. Practice 3d § 24.21(3) ...................................................................................... 10

**Rules**

Federal Rule of Civil Procedure 24 ..................................................................................... 1, 5

Alger American Asset Growth Fund, Alger Capital Appreciation Fund, Alger Capital Appreciation Institutional Fund, Alger Capital Appreciation Portfolio, Alger Collective Trust Capital Appreciation Series, Alger Dynamic Return Fund LLC, Alger Health Sciences Fund, Alger II Dynamic Opportunities Fund, Alger Large Cap Growth Portfolio, Alger Mid Cap Growth Fund, Alger Mid Cap Growth Institutional Fund, Alger Mid Cap Growth Portfolio, Alger SICAV – Alger Dyanmic Opportunities Fund, Alger Smid Cap Focus Fund, Alger Smidcap Focus Portfolio, Alger Spectra Fund, Alger Associates, Inc., and Fred Alger Management, Inc. (collectively, "Alger") hereby move pursuant to Federal Rule of Civil Procedure 24(b)(1)(B) to intervene in this matter for the sole and limited purpose of protecting certain of their individual claims, as alleged in the operative class action complaint, from expiration under the Securities Exchange Act of 1934's statute of repose.[1]  By this motion to intervene, Alger provides Defendants notice of Alger's individual claims and thereby preserves the timeliness of those claims, using the exact procedure that this Court recently applied and adopted in three separate summary ECF orders in *Ontario Tchrs.' Pension Plan Bd. v. Teva Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558-SRU (D. Conn.) ("*Teva*").  In seeking intervention, Alger is also following the guidance from the Supreme Court and Second Circuit that intervention is the proper method for a passive class member to provide defendants with notice of its individual claims and preserve the timeliness of those claims.

**PRELIMINARY STATEMENT**

The above-captioned action was first filed in December 2016 but has not yet advanced beyond the motion to dismiss stage.  Alger is a putative class member of this action.  The five-year statute of repose under the Exchange Act now looms and threatens to eliminate Alger's individual

---

[1] Prior to filing this motion, Alger sought to confer with counsel for the parties. Defendants do not consent to the relief requested.  Lead Plaintiffs take no position on the motion.

1

claims. If Alger does nothing, Alger's individual claims will be extinguished by the statute of repose; should this Court ultimately deny class certification, Alger will be left without a remedy. Should this Court ultimately grant certification, Alger will have no meaningful right to opt out of the class action. The elimination of Alger's claims, or the rendering of its opt out rights as illusory, would prejudice Alger should this Court deny Defendants' motion to dismiss. But, Alger also is in no position to determine whether it should file an individual action at this early stage, because it does not know whether its individual claims are viable or if the class remedy is adequate. If Alger prematurely files an individual complaint now and the Court grants Defendants' motion to dismiss the class action, resources will be wasted by Alger, the parties, and the Court.

This leaves intervention — which has been adopted and applied by this Court thrice for this exact purpose — as the proper remedy available to Alger to preserve its claims from expiration under the statute of repose. The motion accomplishes precisely what the Supreme Court envisioned in developing the *American Pipe* tolling doctrine: it promotes economy and efficiency of litigation and protects Alger's individual rights. In seeking intervention, Alger explicitly does *not* seek to be appointed as a representative plaintiff or to otherwise interpose itself into this action in any way. Rather, Alger seeks only to preserve its status as a putative class member, with all attendant rights and protections, and to prevent its claims from being extinguished in the event that the case later develops in a way that would cause it to exercise its opt-out rights or be forced to bring its own claims

**BACKGROUND**

On July 14, 2017, Lead Plaintiffs[2] filed a consolidated class action complaint against Alexion Pharmaceuticals, Inc. ("Alexion" or the "Company") and certain of its officers and directors (collectively, the "Defendants") on behalf of those who purchased securities of Alexion between January 30, 2014 and May 26, 2017, inclusive (the "Class Period"). (Dkt No. 63). Defendants filed a motion to dismiss the complaint on September 12, 2017 and the motion was fully briefed on December 28, 2017. (Dkt. No. 79, 86, 99). Lead Plaintiffs also filed a motion to partially lift the PSLRA discovery stay on October 18, 2017, which was fully briefed on November 22, 2017. (Dkt. Nos. 80, 85, 87).

On February 27, 2019, Lead Plaintiffs filed a motion for leave to file supplemental support in opposition to the motion to dismiss. (Dkt. No. 106). On March 22, 2019, the parties reported to the Court that they were in settlement discussions, and therefore the Court terminated the pending motions without prejudice "as to reopening if the settlement discussions are not successful." (Dkt. No. 112). The settlement discussions were ultimately unsuccessful and the Court reopened the case at a status hearing on March 26, 2019. (Dkt. No. 114). At that hearing, the Court informed counsel that it was preparing a ruling granting the Defendants' motion to dismiss the consolidated class action complaint, and inquired as to whether Lead Plaintiffs' counsel were satisfied to rely on the current amended complaint. (*Id.*) The Court indicated that if Lead Plaintiffs wished to file a second amended complaint, they would be allowed to do so. (*Id.*) The Court also denied Lead Plaintiffs' motion to partially lift the PSLRA discovery stay. (*Id.*)

---

[2] Lead or named plaintiffs are: Erste-Sparinvest Kapitalanlagegesellschaft mbH and the Public Employee Retirement System of Idaho.

Taking the Court up on its offer, Lead Plaintiffs filed a second amended complaint on June 2, 2019 (the "Second Amended Complaint"). (Dkt No. 121). The Second Amended Complaint is incorporated herein by reference.[3] The Second Amended Complaint alleges, among other things, that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), by making numerous misstatements and omissions related to illicit sales practices used to sustain the sales of its drug, Soliris. Defendants told investors that Soliris's strong sales were due to the Company's lawful efforts to educate doctors and the public about the drug's benefits, and that it was adhering to ethical standards and its internal controls. However, the Second Amended Complaint alleges that in reality, Defendants engaged in illegal and unethical sales practices, including pressuring patients and physicians through in-house nurses, harvesting confidential patient data from "partner labs," and funding kickbacks to charitable organizations to have government agencies pay for Soliris. The Second Amended Complaint asserts that the truth was revealed to the market by a series of corrective events beginning in November 2016 and continuing until May 24, 2017.

Defendants filed their Motion to Dismiss the Second Amended Complaint on August 2, 2019 (the "Motion to Dismiss"). (Dkt. No. 130). Lead Plaintiffs filed their Opposition to the Motion to the Dismiss on October 2, 2019 (Dkt. No. 142), Defendants filed their reply on November 15, 2019 (Dkt. No. 145), and both parties filed supplemental memoranda upon leave of the Court thereafter (Dkt. Nos. 151, 152, 156, 160). The Motion to Dismiss is fully briefed and is awaiting a ruling.

---

[3] Alger relies entirely on the Second Amended Complaint for the purpose of this motion. By this motion, Alger merely seeks to preserve its status as a putative class member, and does not presently intend to file an individual action.

Alger is a putative class member of the Alexion class action whose individual claims are now under threat of elimination from the five-year statute of repose imposed by the Exchange Act. Alger is a class member by virtue of the fact that Alger purchased Alexion securities during the Class Period and held those securities through certain alleged disclosures, causing Alger damages. Because the class action has not advanced beyond the motion to dismiss stage, Alger cannot adequately assess whether its individual claims are viable or if the class remedy is adequate. Alger now seeks limited intervention to preserve the timeliness of its claims.

## ARGUMENT

Federal Rule of Civil Procedure 24(b)(1)(B) allows permissive intervention to anyone who timely asserts "a claim or defense that shares with the main action a common question of law or fact." Intervention is "liberally allowed" in the class action context, "especially since members of a class are normally bound by the judgment in the class action." *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 58 (S.D.N.Y. 1993) (internal citations omitted). "The principal guide in deciding whether to grant permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *U.S. v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (citing Fed. R. Civ. P. 24(b)(2)). In making this determination, "[t]he court[s] also will consider whether the applicant will benefit by intervention." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

A private action under Section 10(b) and 20(a) of the Exchange Act must be filed within the earlier of "(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). Courts have construed 28 U.S.C. § 1658(b) as imposing a two-year statute of limitations, and a five-year statute of repose. *Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010).

In *American Pipe & Construction Co. v. Utah*, the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class." 414 U.S. 538, 553 (1974).[4] *American Pipe* has been extensively cited and applied to toll statutes of limitations. *See* James J. Mayer, *Rejecting the Class Action Tolling Forfeiture Rule*, 94 N.Y.U. L. REV. 899 (2019) (discussing application of *American Pipe* tolling across circuits). However, in *California Public Employees' Retirement System v. ANZ Securities, Inc.*, the Supreme Court held that *American Pipe* tolling does not apply to the statutes of repose in the federal securities laws. *See* 137 S. Ct. 2042, 2051 (2017).

To address the incongruity between the *American Pipe* tolling rule and the statute of repose, the Supreme Court and the Second Circuit have both recognized a motion to intervene as the proper method to preserve the timeliness of claims. In *ANZ Securities*, the Supreme Court held a "simple motion to intervene . . . may well suffice" to protect class members' interests in their claims, and their rights to litigate on an individual basis. *Id.* at 2054. Indeed, the Supreme Court found in *ANZ Securities* that the intervention process is unlikely to be "onerous" and district courts have "ample means" to ensure "that any additional filings proceed in an orderly fashion." *Id*. In *Police & Fire Retirement System of the City of Detroit v. IndyMac MBS, Inc.*, the Second Circuit also expressly stated that putative class members "could have avoided the operation of the Section 13 statute of repose *simply by making timely motions to intervene in the action* . . . ." 721 F.3d 95, 112 (2d Cir. 2013) (emphasis added). *See also Sjunde AP-Fonden v. Gen. Elec. Co.*, 417 F. Supp. 3d 379, 392 (S.D.N.Y. 2019) (finding that claims on certain misstatements were barred by statute of repose when not "timely raised in an earlier complaint or motion to intervene.").

---

[4] The Supreme Court would clarify that the *American Pipe* toll applies to putative class members who bring individual actions as well in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).

6

Following the clear guidance of the Supreme Court and Second Circuit, this Court in a pending securities class action before Judge Underhill granted, in summary ECF entry orders, three motions to intervene for the limited purpose of preserving the timeliness of claims against the statute of repose. *See Teva*, Dkt. Nos. 284, 636, 695. The Middle District of Tennessee sitting in the Sixth Circuit, which applies an even more restrictive view of *American Pipe* tolling than this Circuit, also permitted putative class members to intervene for this purpose. *See In re Envision Healthcare Corp. Sec. Litig.*, 3:17-cv-01112, Dkt. No. 315 (M.D. Tenn.). Alger's motion seeks the identical relief that this Court summarily granted thrice in *Teva*, and that the Middle District of Tennessee permitted in *Envision Healthcare*.

The need for intervention here is even more compelling than in *Teva* because the class action has yet to advance beyond the motion to dismiss stage before the five-year statute of repose will begin to eliminate Alger's individual claims. Alger's only alternative to preserve its claims from expiration outside of intervention is to file its own separate action prior to the motion to dismiss ruling. Alger, however, does not seek to file an individual complaint now before it is able to assess the merits of the class action, nor is it required to in this Circuit under *American Pipe*. *See In re WorldCom Sec. Litig.*, 496 F.3d 245, 256 (2d Cir. 2007) ("The *American Pipe* tolling doctrine was created to protect class members from being *forced* to file individual suits in order to preserve their claims.") (emphasis in original). Filing an individual action at this juncture would be contrary to judicial efficiency and economy, as there are several scenarios where Alger actually would not pursue such an action following the motion to dismiss ruling. If the motion to dismiss is denied and the class action proceeds, Alger may ultimately determine that the class remedy is adequate. Alternatively, if the Court grants Defendants' motion to dismiss the Second Amended Complaint, Alger may determine that an individual action is not viable. For these reasons, if Alger

were to file an individual complaint now before the motion to dismiss ruling, it would result in a "needless multiplicity of actions[.]" *See Crown, Cork & Seal*, 462 U.S. at 351. This is "'precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of *American Pipe* were designed to avoid.'" *IndyMac MBS, Inc.*, 721 F.3d at 106 (quoting *id.*)

By moving to intervene rather than filing an individual action, Alger fulfills the intent of the *American Pipe* doctrine by both preserving judicial resources and protecting the individual rights of a class member. *See In re WorldCom Sec. Litig.*, 496 F.3d at 253 (holding that the tolling doctrine was concerned with both preserving judicial economy and preventing class members from being induced to "forgo their right to sue individually."); *Aly v. Valeant Pharm. Int'l Inc*, 1 F.4th 168, 169 (3d Cir. 2021) ("The doctrine is therefore intended to protect the rights of putative members while simultaneously avoiding needless identical lawsuits."). Via intervention, Alger avoids the court congestion, wasted paperwork, and expense associated with filing a multiplicitous complaint *and* preserves its meaningful individual rights.

### 1. The Motion to Intervene Is Timely

Alger's motion to intervene is timely. To determine whether a motion for intervention is filed in a timely manner, courts generally consider: "(1) how long the applicant had notice of its interest in the action before making its motion; (2) the prejudice to the existing parties resulting from this delay; (3) the prejudice to the applicant resulting from a denial of the motion; and (4) any unusual circumstance militating in favor of or against intervention." *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000). "[T]he timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014) (internal citations omitted). The most important factor in "determining timeliness is whether the delay in moving for intervention has prejudiced any of the existing parties." *Floyd v. City of New York*, 302 F.R.D. 69, 98 (S.D.N.Y. 2014), *aff'd in part, appeal*

*dismissed in part*, 770 F.3d 1051 (2d Cir. 2014) (internal citations omitted); *accord Pitney Bowes, Inc.*, 25 F.3d at 73.

There is no prejudice to any of the existing parties nor any undue delay if Alger is allowed to intervene for the limited purpose of preventing the expiration of its claims under the statute of repose.  Alger is not seeking to become a lead plaintiff or other representative party, nor to disrupt or interfere with the Class Action in any way, and expressly seeks to retain the protections against discovery that apply to passive class members.  *See In re Publ'n Paper Antitrust Litig.*, 2005 WL 1629633, at *1-2 (D. Conn. July 5, 2005) (denying discovery of class member).  Alger merely seeks to preserve its right to act in the future, while seeking to cause no disruption to the Class Action and no imposition of additional burdens on the Court or the parties.  *See Teva*, Dkt. Nos. 284, 636, 695 (granting intervention for this exact purpose where intervenor argued same); *see also In re Envision Healthcare*, 3:17-cv-01112, Dkt. No. 315 (granting intervention for this exact purpose "[b]ecause it does not appear that [Intervenor's] intervention would affect the original Parties in any way.")   In fact, Alger and the parties would face significant prejudice if Alger did not intervene --  Alger's claims would either be extinguished or it would be forced to file an individual complaint, which would require Alger and the parties to expend unnecessary resources.

The motion is also timely because it was filed before the statute of repose would curtail or remove federal securities liability for misstatements made on July 28, 2016 as well as numerous additional Exchange Act violations later in the Class Period that preceded Alger's purchases of Alexion securities.[5]  Shortly after it realized that the statute of repose would begin to eliminate its

---

[5] The Second Amended Complaint identifies numerous misstatements. Alger seeks to intervene to preserve claims for those misstatements occurring on July 28, 2016 *or later*, such as misstatements 18, 19, 20, as well as the misstatements alleged in SEC filings on or after July 28, 2016, such as the July 29, 2016 SOX certifications (Second Amended Complaint at ¶311), Form

9

claims, and without the benefit of a motion to dismiss ruling at this juncture, Alger moved to intervene, and thus the motion if granted, will preserve all of its individual claims for damages from the statute of repose. *See Teva*, Dkt. Nos. 284, 636, 695; *see also* Moore's Fed. Practice 3d § 24.21(3) ("[K]nowledge of an action's impact on the movant's interests, rather than knowledge of the pendency of the action, is the relevant date [for the timeliness factor.]"); *see also Citizens Against Retail Sprawl v. U.S. Army Corps of Eng'rs,* No. 04-CV0328E, 2007 WL 2778605, at *2 (W.D.N.Y. Sept. 18, 2007) (granting motion to intervene filed years after the filing of the complaint, where intervenor's interest in the action was not directly affected until shortly before it intervened). Further, Alger's motion for intervention is timely because the action is still very much in its early stages, as the motion to dismiss has not been decided and class discovery has not commenced.[6]

### 2. Alger's Claims Share Common Questions of Law and Fact With Those of the Class

Alger is a member of the asserted class, and thus its claims necessarily share common questions of law and fact with those of the class. Alger's federal securities claims in fact arise out of the same misconduct (misrepresentations and omissions) alleged in the Second Amended Complaint. *See Envision Healthcare*, 3:17-cv-01112, Dkt. No. 315 (M.D. Tenn.) (finding proposed intervenor's claims easily satisfied this factor).

---

10-K filed February 16, 2017 (Second Amended Complaint at ¶312), Form 10-Q filed January 4, 2017 (id.), Form 10-Q filed April 27, 2017 ((Second Amended Complaint at ¶313).

[6] *See e.g.*, *State of N.Y. v. Reilly*, 143 F.R.D. 487, 490 (N.D.N.Y. 1992) (where the "litigation is still in its infancy," court could "envision no circumstances in which its decision to allow [intervention] would cause undue delay or prejudice to the original parties in this action"); *see also Additional Ass'n of Connecticut Lobbyists LLC v. Garfield*, 241 F.R.D. 100, 102 (D. Conn. 2007) ("Additional parties always take additional time which may result in delay, but this does not mean that intervention should be denied [because] [t]he rule requires the court to consider whether intervention will 'unduly delay' the adjudication") (citation and internal quotations omitted).

In sum, and as the Supreme Court, the Second Circuit, and this Court have recognized, intervention for the purpose of allowing Alger to avoid the risk of a time-bar against its individual claims and to preserve its meaningful opt-out rights is the proper remedy here. This Court should grant Alger's motion to intervene to preserve its claims.

## CONCLUSION

Accordingly, Alger respectfully requests that the Court grant this motion to allow it to intervene for the limited purpose of preserving its claims against the expiration of the statute of repose, and also to confirm that Alger will nevertheless remain a passive member of the putative class with all the associated rights and protections.

**Proposed Intervenor Alger**

By: */s/ Ari J. Hoffman*
David A. Ball (ct10154)
Ari J. Hoffman (ct22516)
**COHEN and WOLF, P.C.**
1115 Broad St. P.O. Box 1821
Bridgeport, CT 06604
Tel: (203) 368-0211
Fax: (203) 337-5534
dball@cohenandwolf.com
ahoffman@cohenandwolf.com

Marc B. Kramer (*pro hac vice* forthcoming)
Jarett N. Sena (*pro hac vice* forthcoming)
**ROLNICK KRAMER SADIGHI LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 597-2800
mkramer@rksllp.com
jsena@rksllp.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the date herein, a copy of the foregoing Memornadum of Law in Support of Motion to Intervene by Putative Class Member Alger for the Limited Purpose of Preventing Claim Expiration Under the Statute of Repose was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

                                                                       */s/ Ari J. Hoffman*
                                                                         Ari J. Hoffman