# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Civ No. 3:16-cv-02127-AWT |
| Plaintiff, | |
| vs. | |
| ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, VIKAS SINHA, DAVID BRENNAN, DAVID J. ANDERSON, LUDWIG N. HANTSON, and CARSTEN THIEL, | |
| Defendants. | |
| | August 18, 2021 |

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO ALGER'S MOTION TO INTERVENE

Defendants Alexion Pharmaceuticals, Inc. ("Alexion" or the "Company"), Dr. Leonard Bell, David L. Hallal, Vikas Sinha, David Brennan, David J. Anderson, Ludwig N. Hantson, and Carsten Thiel ("Defendants") respectfully submit this memorandum of law in opposition to the motion to intervene by Proposed Intervenor Alger,[1] filed on July 28, 2021 (Dkt. 164) (the "Motion"), in the above-captioned securities fraud class action (the "Class Action").

## PRELIMINARY STATEMENT

Proposed Intervenor Alger now seeks to intervene in the Class Action to preserve its purported individual claims against Defendants in light of the anticipated expiration of

---

[1]    Proposed Intervenor Alger includes all entities listed at page 1 of Alger's Motion.

the five-year statute of repose.  But Alger has failed to adhere to the fundamental requirements of Federal Rule of Civil Procedure 24.  The rule mandates that a motion to intervene "must" be "accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P 24(c).  Alger's reliance on the Class Action complaint, which says noting of *Alger's* purported claims against Defendants, is insufficient.  Neither the Court nor Defendants have been apprised of Alger's purported individual claims, or the core facts supporting such claims (such as, for example, Alger's purported securities transactions that allegedly give rise to any claims).  Under the unambiguous requirements of Rule 24, the failure to include a pleading is fatal to Alger's motion, and the motion should be denied.

Alternatively, if the Court excuses this fundamental defect, Defendants respectfully submit that, because the sufficiency of the Class Action pleading has not yet been adjudicated, any decision on the Motion to Intervene should be made without prejudice to Defendants' pending motion to dismiss.  Defendants have moved to dismiss with prejudice the Class Action complaint upon which Alger's Motion is expressly premised.  Dkt. 130.  Thus, even if the Court grants the Motion, any such order should be granted without prejudice to the pending motion to dismiss the Class Action complaint, and if the Court later dismisses the Class Action complaint, then Alger's purported claims should be dismissed as well.[2]

---

[2]    Alger's description of the procedural history of the Class Action is not entirely accurate; contrary to Alger's statement at page 3 of the Motion, the parties in the Class Action did not report to the Court that they were in settlement discussions.  Rather, Lead Plaintiff reported to the Court that Alexion had negotiated a settlement of a regulatory investigation, separate and different from the Class Action claims at issue here.  In any event, that report led to the Court convening a conference call with all parties, at which time the Court stated its intent to grant the pending motion to dismiss the Class Action, and Lead Plaintiff subsequently sought leave to amend.  The motion to dismiss the Second Amended Complaint is presently pending before the Court.

## ARGUMENT

### I. ALGER'S MOTION IS IMPROPER UNDER FRCP 24(C)

Alger's motion should be denied because it fails to satisfy the basic procedural requirements of the Federal Rules of Civil Procedure.  Rule 24 is clear:  a motion to intervene "***must***... be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P 24(c) (emphasis added).  But Alger has not filed a pleading setting out its claims.  Rather, Alger states in a footnote that it "relies entirely on the Second Amended Complaint for the purpose of this motion."  Motion ("Mot.") at 4 n.3.

As the Second Circuit and courts in this district have held, an intervenor's failure to submit its own complaint is "fatal"  and "require[s] denial" of its motion to intervene. *Abramson* v. *Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968) (affirming district court's finding that "appellant's failure to file a pleading along with his motion papers, as required by Rule 24(c), was fatal to his application"); *City of Bridgeport* v. *U.S. Dep't of Army*,  2009 WL 3254475, at *1 n.1 (D. Conn. Oct. 6, 2009) (explaining that Rule 24(c) without an accompanying pleading requires denial); *see also S.E.C.* v. *Bear, Stearns & Co. Inc*., 2003 WL 22000340, at *4 & *4 n.1 (S.D.N.Y. Aug. 25, 2003) (noting that procedural defects in a Rule 24 motion "alone warrant denial of permissive intervention"); *G-I Holdings, Inc*. v. *Baron & Budd*, 2002 WL 1822929, at *1 (S.D.N.Y. Aug. 7, 2002) (denying a motion to intervene for failure to comply with the formal requirements of Rule 24(c)); *Mr. J.* v. *Bd. of Educ.*, 2000 WL 436617, at *1 (D. Conn. Feb. 25, 2000) (denying a motion to intervene for, in part, failure to file a pleading).

Alger's reliance on the class complaint does not cure this defect.  Indeed, "an intervenor cannot simply rely on the pleadings previously filed by another party."

*Boyd* v. *J.E. Robert Co*., 2010 WL 5772892, at *15 (E.D.N.Y. Mar. 31, 2010), *report and recommendation adopted*, 2011 WL 477547 (E.D.N.Y. Feb. 2, 2011); *see also* 6 Moore's Federal Practice - Civil § 24.20 (2021) ("The movant may not merely adopt the pleadings of an existing party.").  And with good reason: "pleadings are necessary to allow defendants and the Court an opportunity to examine whatever claim . . . Intervenors may be asserting." *Bano* v. *Union Carbide Corp*., 2005 WL 6800401, at *14 (S.D.N.Y. Aug. 12, 2005), *report and recommendation adopted as modified*, 2005 WL 2464589 (S.D.N.Y. Oct. 5, 2005).  In these circumstances, "non-compliance with Rule 24(c) . . . is not a mere technicality, but is fatal to the motion."  *Id*.

Here, the operative Class Action complaint does not provide any insight into Alger's purported claims.  Defendants, for example, have been provided with no information about what securities Alger purportedly purchased, when it made those purchases, what alleged misstatements Alger allegedly relied upon in making those purchases, or whether Alger suffered an alleged loss (or how much it claims in damages).  Alger also has failed to identify what causes of action it would seek to assert.  While Alger seeks to frame its position narrowly—intervening for the purpose of preventing the statute of repose's expiration from eliminating any of its future claims—it has not made clear the future claims it seeks to assert.

Instead, citing the efficiencies recognized in the Supreme Court's decision in *American Pipe*, Alger would like to wait to determine whether the class remedy is adequate before filing its own complaint. Mot. at 5-6, 8.  But the "wait and see" approach permitted under the *American Pipe* tolling doctrine applies ***only*** to statutes of

4

limitations, not statutes of repose—as Alger acknowledges.  *Id*. at 6.  The statute of repose under the Exchange Act represents an absolute termination of causes of action asserted thereunder.  *See California Pub. Employees' Ret. Sys.* v. *ANZ Sec., Inc.*, 137 S. Ct. 2042, 2051 (2017) ("The purpose and effect of a statute of repose . . . is to override customary tolling rules arising from the equitable powers of courts.  By establishing a fixed limit, a statute of repose implements a legislative decisio[n] that as a matter of policy there should be a specific time beyond which a defendant should no longer be subjected to protracted liability.") (alteration in original) (citation and internal quotation marks omitted).  Alger's proposal to intervene without providing its proposed pleading is antithetical to the purpose of a statute of repose.

Indeed, absent filing a complaint that enumerates its causes of action and provides the factual support for those claims, Alger has not actually asserted any claims.  Alger's motion operates on the false premise that the mere filing of an intervention motion without a pleading can operate to preserve its claims.  But this premise is contradicted by the plain language of both the Exchange Act and the Federal Rules of Civil Procedure. The Exchange Act requires that the "action . . . be commenced" or "brought" within five years of the alleged violation.  28 U.S.C. § 1658.  But to commence or bring an action the FRCP requires the filing of a complaint.  *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Anticipating Defendants' argument that Alger should file a proposed pleading, Alger notes (Mot. at 6) that the Supreme Court and Second Circuit have suggested that filing a motion to intervene "may" preserve the claims of putative class members.  But these cases do not hold that an intervenor is permitted to ignore the clear procedural

requirements of 24(c), as Alger has done here.  *See ANZ Sec., Inc.*, 137 S. Ct. at 2054

(stating only that "[a] simple motion to intervene or request to be included as a named

plaintiff in the class-action complaint may well suffice" without any suggestion that such

a motion need not comply with Rule 24(c)); *Police & Fire Ret. Sys. of City of Detroit* v.

*IndyMac MBS, Inc*., 721 F.3d 95, 112 (2d Cir. 2013) (indicating that the proposed

intervenors "could have avoided the operation of the Section 13 statute of repose" by

filing a motion to intervene, without suggesting that the Rule 24(c) requirements need not

be satisfied).  On the contrary, the Second Circuit stated that a motion to intervene would

resolve timing problems if the putative class members had intervened "as named

plaintiffs" or, alternatively, "fil[ed] their own timely actions" or sought to join their

claims under Rule 20.  *Id*.   In those instances, unlike here, the defendants would be on

notice as to the allegations the putative class members seek to assert.  Alger's failure to

intervene as a named plaintiff or file its own action therefore "is not a mere technicality"

and is thus "fatal" to its motion.  *Bano*, 2005 WL 6800401, at *14.  Alger cites only one

case within the Second Circuit in which the court granted three intervention motions

without requiring the intervenors to file separate pleadings (Mot. at 7), but those orders

were entered without reasoned decisions.  *Ontario Tchrs.' Pension Plan Bd. v. Teva*

*Pharmaceutical Industries Ltd.*, No. 3:17-cv-00558, Dkts. 284, 636, 695 (D. Conn.)

(motions granted in summary docket entry only).[3]

---

[3]   Alger also cites *In re Envision Healthcare Corp. Sec. Litig.*, 3:17-cv-01112 (M.D. Tenn.) in further
support.  However, unlike the Second Circuit, "the Sixth Circuit has declined to deny a motion to
intervene on the basis of failure to satisfy the requirement to attach a proposed pleading."  Dkt. 315 at
11. The Second Circuit has taken a different approach.  *Abramson*, 392 F.2d  at 761 (Second Circuit
case affirming the district court's denial of a motion to intervene for failure to file a pleading with the
motion).

For these reasons, the Motion should be denied for failure to comply with Rule 24(c).

## II. THE PENDING MOTION TO DISMISS PROVIDES AN ALTERNATIVE BASIS TO DENY THE INTERVENTION MOTION

In the alternative, should the Court determine to grant the Motion, Defendants respectfully request that (a) any such order should be granted without prejudice to the pending motion to dismiss the Class Action complaint, on which Alger expressly relies, and (b) if the Court dismisses the Class Action complaint, then Alger's purported claims should be dismissed as well.

In the Class Action, the operative complaint is the Second Amended Complaint, filed after the Court indicated that its predecessor would be dismissed for failure to plead a material misstatement or a strong inference of fraudulent intent.  Dkt. 130-1 at 1.  Defendants have moved to dismiss this amended pleading in its entirety, and that motion is pending before the Court.  Dkt 130.  Thus, if the Court excuses Alger's non-compliance with Rule 24(c) and grants the motion to intervene, Defendants respectfully request that such order be entered without prejudice to the motion to dismiss pending in the Class Action.  In addition, since Alger expressly relies upon the Class Action complaint, if the Court grants Defendants' motion to dismiss the Class Action, Alger's purported claims should be dismissed as well.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit that the Court should deny Alger's motion to intervene.

Dated:   August 18, 2021

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

BY:          /s/ Daniel Kramer
Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com

WIGGIN & DANA

David A. Ring
Robyn E. Gallagher
265 Church Street
New Haven, CT 06510
Phone:  (860) 297-3703
dring@wiggin.com
rgallagher@wiggin.com

*Attorneys for Alexion Pharmaceuticals, Inc.,
Leonard Bell, David L. Hallal, Vikas Sinha,
David Brennan, David J. Anderson, Ludwig N.
Hantson, and Carsten Thiel*

10412\85\4847-9632-5110.v1