# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Civ. No. 3:16-cv-2127 (AWT) |
| | Hon. Alvin W. Thompson |
| Plaintiff, | **RULE 26(f) REPORT OF PARTIES' PLANNING MEETING** |
| vs. | |
| ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, VIKAS SINHA, DAVID BRENNAN, DAVID J. ANDERSON, LUDWIG N. HANTSON, and CARSTEN THIEL, | |
| Defendants. | |

| | |
|---|---|
| **Date Initial Complaint Filed:** | December 29, 2016 |
| **Date Consolidated Complaint Filed:** | July 14, 2017 |
| **Date Consolidated Complaint Served:** | August 14, 2017 |
| **Date Operative Complaint Filed:** | June 2, 2019 |
| **Dates of Defendants' Appearances:** | February 7, 2017:  Alexion Pharmaceuticals, Inc., Leonard Bell, David L. Hallal, and Vikas Sinha. |

## I.    CERTIFICATION

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction

The parties agree that this Court has subject matter jurisdiction pursuant to: (i) Section 27 of the Exchange Act (15 U.S.C. § 78aa); and, separately, (ii) 28 U.S.C. § 1331.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested by the Defendants.

## III.   BRIEF DESCRIPTION OF THE CASE

**Statement of Lead Plaintiffs:**

This securities class action arises from alleged false and misleading statements and assurances made by Defendants between January 30, 2014 and May 26, 2017, inclusive (the "Class Period"), during which Defendants attributed the source of Alexion's financial success to its ability to identify new patients for the Company's only money-making drug, Soliris (eculizumab). *See* ECF No. 121 ¶ 1.  Investors incurred market losses when Alexion's management admitted to a "tone at the top" problem that allegedly increased sales of Soliris through illegal practices that violated federal laws, industry standards, and ethical regulations. *Id.*

Specifically, during the Class Period, Defendants touted Alexion's "strong" revenue "growth" as "primarily due" to "increased physician demand globally for Soliris" and attributed this "steady increase in uptake of Soliris" to Alexion's ability to "identify a consistent number of new patients," which Defendants claimed was "really driven by our disease awareness and diagnostic initiatives," whose "ongoing positive impact" and "ongoing success . . . drove steady growth." *See* ECF No. 121 ¶¶ 235-96.  Defendants also attributed the source of Alexion's financial success to "disease education and diagnostic initiatives," *id.* ¶ 243, and stated that the Company's revenue growth was "largely due to physicians globally requesting Soliris," *id.* ¶¶ 239-40, 246.

Defendants also personally certified that there was no "material weakness" in the Company's internal controls. ¶ 309.

Plaintiffs have alleged that contrary to Defendants' representations, these same "disease awareness and diagnostic initiatives" were illegal and unethical.  In that regard, Plaintiffs have cited to testimony offered by five confidential witnesses, which corroborates information offered by Bloomberg and the U.S. Department of Justice, among others, that Defendants' illegal and unethical conduct included: (1) directing Alexion's in-house nurses to pressure—and to frighten—patients and physicians into starting Soliris treatments or staying on the drug, even if not in the best interests of the patient; (2) scheming with partner diagnostic labs to illegally obtain private, confidential patient information—including their test results and identities—for marketing purposes in violation of the Health Insurance Portability and Accountability Act; and (3) funneling illegal kickbacks through charitable organizations to cover co-pays and other expenses so that government payors such as Medicare would pay for Soliris, resulting in a DOJ investigation and $13 million settlement with the federal government.

In November 2016, Alexion announced it was investigating whether its employees had engaged in sales practices that violated the Company's policies and procedures.  As a result of that investigation, then-CEO Hallal and then-CFO Sinha abruptly resigned.  On January 4, 2017, Alexion disclosed that management had set an inappropriate "tone at the top," but, as alleged by Plaintiffs, continued to conceal the full extent of Alexion's illegal and unethical conduct.

On March 6, 2017, interim-CEO Brennan stated that "we were disappointed with the idea that tone at the top was a material weakness for the Company.  As a Board, we were disappointed. . . . we might have had some pressure to do some things that were not in accordance

with our policies and procedures . . . and that's probably the biggest disappointment I think I've had as a Board member."  ECF No. 121 ¶ 197.

On May 24, 2017, Bloomberg published an exposé detailing Alexion's illegal practices based on interviews with more than twenty current and former employees and a review of more than 2,000 pages of internal documents.  In all, Alexion's stock lost more than 30% of its market value.

**Statement of Defendants:**

None of the alleged misstatements or omissions were false or misleading when made, and none of them were material.  Lead Plaintiffs do not and cannot allege that any of Alexion's reported revenue or other financials were inaccurate.  Instead, their claims are premised on the theory that Alexion had a duty to supplement its reporting of revenue growth with additional information about uncharged, unproven purported wrongdoing.  The Court necessarily accepted these allegations at the pleading stage.  But the evidence will show that investors could not have been deceived by entirely accurate statements about the source of Alexion's revenue growth.  The evidence will also show that Alexion disclosed the same types of sales practices that Lead Plaintiffs alleged were concealed—including, to take just one example, its aggressive efforts to identify patients who could benefit from Soliris.

The evidence will also show that no member of Alexion's senior management knew that Alexion's statements about revenue growth (or otherwise) were false or misleading, or that any of them acted with intent to defraud Alexion's shareholders.  Once tested at deposition and trial, testimony from purported confidential witnesses will establish nothing more than that Alexion's senior management encouraged company employees to aggressively pursue sales of Soliris.  Such efforts, far from constituting securities fraud, served the interests of Alexion and its shareholders—

and, more important, the interests of patients, for whom Soliris was in many instances lifesaving and life-altering.

Lead Plaintiffs cannot prove that the alleged misstatements or omissions caused any of their alleged losses.  The purported corrective disclosures did not reveal any alleged fraud, and in any event disclosed information already known to the market.  Any decline in Alexion's stock price therefore could not have been caused by the alleged misstatements or omissions.  These deficiencies, among others, are grounds for the Court to deny class certification and to reject Lead Plaintiffs' damages claims.

Finally, none of the remaining individual defendants can be held liable under Section 20(a) because, among other things, Lead Plaintiffs cannot show that any of the individual defendants had control over any alleged misstatements or omissions or that they culpably participated in the alleged fraud.

A.     **Claims of Lead Plaintiffs:**

Lead Plaintiffs, on behalf of themselves and the members of the Class, allege the following claims in this consolidated securities class action:

- Count I:  Violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Alexion Pharmaceuticals, Inc., Leonard Bell, and David L. Hallal;

- Count II:  Violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and SEC Rule 10b-5(a) and (c) promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants Alexion Pharmaceuticals, Inc., Leonard Bell, and David L. Hallal; and

- Count III:  Violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Defendants Leonard Bell, David L. Hallal, and Vikas Sinha.

**B.    Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**

Defendants will set forth their affirmative defenses in their answer(s), to be filed by October 18, 2021.

## IV.    STATEMENT OF UNDISPUTED FACTS

Not applicable (Defendants have not yet filed their answer(s)).

## V.    CASE MANAGEMENT PLAN:

The parties respectfully submit that the Court should enter the proposed order attached as **Exhibit A** hereto.

**A.    Initial Disclosures**

All (pre-discovery) initial disclosures required by Rule 26(a)(1) shall be completed on or before October 18, 2021.

**B.    Scheduling Conference**

1.    The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted by telephone or via video conference.

**C.    Early Settlement Conference**

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  The parties will communicate, as appropriate, to explore the prospects for a mutually acceptable settlement. Settlement is unlikely at this time.

2.    The parties do not request an early settlement conference.

3.    The parties agree that settlement discussions, when appropriate, should be pursued through a private mediator.

4.      The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings (Non-Dispositive Motions).**

1.      Lead Plaintiffs should be allowed until thirty (30) days following the substantial completion of Defendants' production of documents responsive to Lead Plaintiffs' first requests for production (or until May 2, 2022) to file motions to join additional parties and to file motions to amend the pleadings.

2.      Defendants should be allowed until thirty (30) days after Lead Plaintiffs' deadline to file motions to join additional parties and/or to amend the pleadings (or until June 1, 2022) to file a motion to join additional parties and to file motions to amend the pleadings.

3.      Non-dispositive motions and supporting documents which relate to fact discovery shall be filed and served within 14 days of the close of fact discovery (August 26, 2022).

4.      Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before the end of expert discovery (February 6, 2023).

**E.      Discovery**

a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).

b.      The parties anticipate that discovery will be needed on the following subjects:

**Lead Plaintiffs' Position:**

Lead Plaintiffs require discovery on the following subjects, among others:

i.   whether the federal securities laws were violated by Defendants' acts and omissions as alleged herein;

ii.   whether the statements made to the investing public during the Class Period contained material misrepresentations or omitted to state material information;

iii.   whether and to what extent the market price of Alexion's common stock was artificially inflated during the Class Period because of the material misstatements alleged herein;

iv.   whether Defendants acted with the requisite level of scienter; and

v.   whether the individual defendants were controlling persons of the Company.

**Defendants' Position:**

Defendants require discovery on any non-privileged matter within the scope of Federal Rule of Civil Procedure 26(b) including, without limitation, on the following subjects:

i.   Lead Plaintiffs' alleged transactions in Alexion securities;

ii.   Leads Plaintiffs' adequacy and typicality to serve as Rule 23 class representatives;

iii.   Losses or damages allegedly suffered by Lead Plaintiffs by reason of the claims asserted by Plaintiffs; and

iv.   The allegations in the Amended Complaint, including but not limited to the supposed confidential witnesses.

c.   Fact discovery shall be completed on or before September 9, 2022.  Defendants' production of documents responsive to Lead Plaintiffs' first requests for production (served September 20, 2021, as amended on September 29, 2021) shall be substantially complete no later than April 1, 2022.  These deadlines are necessary to ensure that Defendants complete production promptly, and with sufficient time to prepare for and conduct depositions.  All discovery, including

depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by February 6, 2023.

      d.   Discovery will not be conducted in phases.

      e.   If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by:  not applicable.

      f.   Number of depositions

Given the scope and complexity of this action, Lead Plaintiffs anticipate seeking an upwards departure from the default number of depositions permitted under Federal Rule of Civil Procedure 30.  Defendants reserve their right to oppose any such request, but will endeavor to work with Lead Plaintiffs to reach agreement on this issue.  Any deposition of a party pursuant to Federal Rule of Civil Procedure 30(b)(6) shall be considered continuing and only count as one of the taking party's allotted depositions.  Additionally, Lead Plaintiffs anticipate that for certain key witnesses, including the individual defendants, they may seek a modest upward departure from the default time limitation for a deposition as set forth in Fed. R. Civ. P. 30.  Defendants will consider any such request in good faith, but reserve all rights to oppose Lead Plaintiffs' request in this regard.

      g.   Number of interrogatories

Given the scope and complexity of this action, Lead Plaintiffs anticipate seeking an upwards departure from the default number of interrogatories permitted under Federal Rule of Civil Procedure Rule 33(a).  Defendants will consider any such request in good faith, but reserve all rights to oppose Lead Plaintiffs' request in this regard.

      h.   Lead Plaintiffs intend to call expert witnesses at trial.  Defendants intend to call expert witnesses at trial.

i.   The parties will identify their experts and informally exchange names and topic(s) of each anticipated expert no later than two weeks before the close of fact discovery (August 26, 2022).  Expert reports for the party with the burden of proof on an issue will be served by October 7, 2022.  Expert rebuttal reports will be served by November 18, 2022.  Expert reply reports will be served by January 6, 2023.

j.   Experts shall be deposed no later than the end of expert discovery (February 6, 2023).

k.   Damages analysis.

The parties agree that a damages analysis will be provided by any party who has a claim or counterclaim for damages in accordance with the schedule for Rule 26 expert discovery.

l.   ESI protocol and protective order

The parties will file a stipulated ESI discovery protocol for Court approval.  Defendants may seek entry of a protective order in addition to the Standing Protective Order (ECF No. 6), and the parties will negotiate in good faith to reach agreement on the terms of any such additional protective order.

m.   Privilege logs

Lead Plaintiffs' production of a privilege log, if any, relating to document productions made in response to Defendants' first requests for production related to class certification will be served by January 5, 2022.

Defendants' production of a privilege log, if any, relating to document productions made in response to Lead Plaintiffs' first requests for production will be served by May 2, 2022.

**F.   Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case.

1.      Class Certification

Any motion for class certification and accompanying expert report(s) shall be filed on or before December 15, 2021.

Memoranda in opposition to any motion for class certification and accompanying expert report(s) shall be filed on or before March 8, 2022; and

Reply memoranda and any accompanying rebuttal expert report(s) shall be filed on or before May 9, 2022.

2.      Experts in Connection with Class Certification

The parties agree that any expert used at the class certification stage and also used at the merits stage may be deposed one time at the class certification stage, and one time at the merits stage.

**G.      Summary Judgment (and Dispositive) Motions:**

Summary judgment motions, which must comply with Local Rule 56, and all dispositive motions (including motions filed pursuant to *Daubert*) shall be filed on or before March 6, 2023.

All oppositions to such motions shall be filed and served on or before April 10, 2023.

All replies in support of such motions shall be filed and served on or before May 8, 2023.

**H.      Joint Trial Memorandum**

Joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on the later of (i) 60 days after the deadline for summary judgment motions or (ii) 60 days after the Court's ruling on any summary judgment motions.

**VI.     TRIAL READINESS**

The case will be ready for trial by a date to be determined.

The parties agree that at this time it is premature to predict the length of trial or to set a date for the final pretrial order and final pretrial conference.

## VII.   DEADLINES

For the convenience of the Court, the parties submit the following tables of deadlines contained herein:

| Event | Date |
|---|---|
| Defendants' Answers to the Consolidated Class Action Complaint | October 18, 2021 |
| (Pre-Discovery) Initial Disclosures | October 18, 2021 |
| Plaintiffs' Production of Documents Responsive to Defendants First Requests for Production Related To Class Certification Substantially Completed | December 15, 2021 |
| Motion for Class Certification | December 15, 2021 |
| Plaintiffs' Production of Privilege Log, if any, Relating to Document Productions Made in Response to Defendants' First Requests for Production Related to Class Certification | January 5, 2022 |
| Memoranda in Opposition to any Motions for Class Certification | March 8, 2022 |
| Defendants' Production of Documents Responsive to Lead Plaintiffs' First Requests for Production Substantially Completed | April 1, 2022 |
| Defendants' Production of Privilege Log, if any, Relating to Document Productions Made in Response to Lead Plaintiffs' First Requests for Production | May 2, 2022 |
| Lead Plaintiffs' Motion(s) to Join Additional Parties and/or to Amend the Pleadings | May 2, 2022 |
| Reply Memoranda regarding Motions for Class Certification | May 9, 2022 |
| Defendants' Motion(s) to Join Additional Parties | June 1, 2022 |
| Non-Dispositive Motions and Supporting Documents which Relate to Fact Discovery | August 26, 2022 |
| Identification of Experts (parties to informally exchange name and topic(s) of each anticipated expert) | August 26, 2022 |
| Fact Discovery completed | September 9, 2022 |
| Rule 26 Expert Reports for Party with Burden of Proof on Issue | Served by October 7, 2022 |
| Rule 26 Expert Rebuttal Reports | Served by November 18, 2022 |
| Rule 26 Expert Reply Reports | Served by January 6, 2023 |
| Expert Discovery Completed | February 6, 2023 |

| Event | Date |
|---|---|
| Non-Dispositive Motions and Supporting Documents which Relate to Expert Discovery | February 6, 2023 |
| Rule 26 Experts Depositions | Completed by February 6, 2023 |
| Motions & Opening Briefs for Summary Judgment (and Dispositive) Motions, including motions filed pursuant to *Daubert* | March 6, 2023 |
| Opposition Briefs for Summary Judgment (and Dispositive) Motions, including motions filed pursuant to *Daubert* | April 10, 2023 |
| Reply Briefs for Summary Judgment (and Dispositive) Motions, including motions filed pursuant to *Daubert* | May 8, 2023 |
| Trial ready | TBD |

\* \* \*

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| LEAD PLAINTIFFS THE PUBLIC EMPLOYEE RETIREMENT SYSTEM OF IDAHO, AND ERSTE ASSET MANAGEMENT GMBH | DEFENDANTS ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, AND VIKAS SINHA |

MOTLEY RICE LLC

By:      */s/ William H. Narwold*
         WILLIAM H. NARWOLD (CT 00133)
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:   (860) 882-1682
bnarwold@motleyrice.com

        -and-

Gregg S. Levin (*pro hac vice*)
William S. Norton (*pro hac vice*)
Joshua C. Littlejohn (*pro hac vice*)
Andrew P. Arnold (*pro hac vice*)
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Telephone: (843) 216-9000
Facsimile:  (843) 216-9450
glevin@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
aarnold@motleyrice.com

*Co-Lead Counsel for Lead Plaintiffs
and the Class*

LABATON SUCHAROW LLP
Michael H. Rogers (*pro hac vice*)
James W. Johnson (*pro hac vice*)
James T. Christie (*pro hac vice*)
140 Broadway
New York, NY  10017-5563

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By:      */s/ Audra J. Soloway*
Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com

WIGGIN & DANA

David A. Ring
Robyn E. Gallagher
265 Church Street
New Haven, CT 06510
Telephone:  (860) 297-3703
dring@wiggin.com
rgallagher@wiggin.com

*Attorneys for Defendants Alexion
Pharmaceuticals, Inc., Leonard Bell, David L.
Hallal, and Vikas Sinha*

14

Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
jchristie@labaton.com

*Co-Lead Counsel for Lead Plaintiffs*
*and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing RULE 26(f) REPORT OF PARTIES' PLANNING MEETING was filed electronically and served by mail on anyone unable to accept electronic filing on this 1st day of October, 2021.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

*/s/ William H. Narwold*
William H. Narwold (CT 00133)
MOTLEY RICE LLC
20 Church Street, 17th Floor
Hartford, CT 06103
Tel.:    (860) 882-1681
Fax:     (860) 882-1682
Email:  bnarwold@motleyrice.com