## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, <br><br>                Plaintiff, <br><br>             - v. - <br><br> ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, VIKAS SINHA, DAVID BRENNAN, DAVID J. ANDERSON, LUDWIG N. HANTSON, and CARSTEN THIEL, <br><br>                Defendants. | Civ. No. 3:16-cv-2127 (AWT) |

## DEFENDANTS' ANSWER TO THE AMENDED
## CONSOLIDATED CLASS ACTION COMPLAINT

In responding to the allegations in the Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint"), Defendants Alexion Pharmaceuticals, Inc. ("Alexion"), Leonard Bell ("Bell"), David L. Hallal ("Hallal"), and Vikas Sinha ("Sinha") (collectively "Defendants," and excluding Alexion, the "Individual Defendants") (i) incorporate into each response a denial of any allegations in the Amended Complaint to the extent such allegations assert or suggest that Defendants made any untrue statement of material fact or omitted to state a material fact necessary to make the statements made not misleading, and (ii) to the extent that any response is required, deny any allegations or averments in the introductory paragraphs, headings, and subheadings of the Amended Complaint. Defendants, by and through their undersigned attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, respond to the specific allegations in the Amended Complaint as follows:

1.      Defendants deny the allegations in paragraph 1.  As to the definition of "Individual Defendants," paragraph 1 contains allegations related to dismissed defendants and/or claims, and accordingly, no response is required as to dismissed claims, including claims against Sinha (to the extent dismissed), and all claims against Brennan, Anderson, Hantson, and Thiel.

2.      Defendants deny the allegations in paragraph 2.

3.      Defendants deny the allegations in paragraph 3.  Paragraph 3 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny the allegations in paragraph 6.

7.      Defendants deny the allegations in paragraph 7, except admit that (i) during the putative class period, Soliris was approved as a treatment for patients suffering from paroxysmal nocturnal hemoglobinuria ("PNH") and atypical hemolytic uremic syndrome ("aHUS") and (ii) sales of Soliris made up over 99% of Alexion's total revenue in 2015, and more than 90% of total revenue in 2016.

8.      Defendants deny the allegations in paragraph 8, except admit that sales of Soliris made up over 99% of Alexion's total revenue in 2015, and more than 90% of total revenue in 2016.

9.      Defendants deny the allegations in paragraph 9.

10.      Defendants deny the allegations in the first sentence of paragraph 10, deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 10, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     To the extent a response is required, Defendants deny the allegations in paragraph 13, except (i) admit that Alexion voluntarily adopted the Code on Interactions with Healthcare Professionals (the "PhRMA Code"), (ii) admit that Alexion (like other pharmaceutical companies) is subject to various laws and regulations, and (iii) respectfully refer the Court to the referenced code and laws for a complete and accurate statement of their contents.  In addition, the allegations in paragraph 13 contain legal conclusions to which no response is required.

14.     Defendants refer the Court to the referenced codes for a complete and accurate statement of their contents, and otherwise deny the allegations in paragraph 14, including any allegation that Defendants violated the codes.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.  In addition, the allegations in paragraph 17 contain legal conclusions to which no response is required.

18.     Defendants deny the allegations in paragraph 18, except admit that Alexion has stated that it partnered with laboratories.  In addition, the allegations in paragraph 18 contain legal conclusions to which no response is required.

19.     Defendants deny the allegations in paragraph 19, except admit that Alexion made donations to various charitable organizations—including Patient Services Inc. ("PSI"), as well as the National Organization for Rare Disorders ("NORD")—that provide financial assistance to certain patients, including Medicare patients, prescribed Soliris.  In addition, the allegations in paragraph 19 contain legal conclusions to which no response is required.

20.     Defendants deny the allegations in paragraph 20, except admit that, on or about November 4, 2016, Alexion cancelled an appearance at the Credit Suisse Healthcare Conference, and that Alexion issued a press release on November 9, 2016 that contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the press release for a complete and accurate statement of its contents and to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.

21.     Defendants deny the allegations in paragraph 21, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations about what all analysts covering Alexion believed, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced date.

22.     Defendants deny the allegations in paragraph 22, except admit that Alexion issued a press release on January 4, 2017, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

23.     Defendants deny the allegations in paragraph 23, except admit that, on March 6, 2017, Brennan spoke at the Cowen Healthcare Conference, and respectfully refer the Court to the transcript of Brennan's remarks for a complete and accurate statement of its contents.

24.     Defendants deny the allegations in paragraph 24, except admit that in its May 23, 2017 press release, Alexion announced the departures of its Chief Commercial Officer, Chief Financial Officer, and two Executive Vice Presidents, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

25.     Defendants deny the allegations in paragraph 25, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

26.     The allegations in paragraph 26 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 26, except admit that Public Employee Retirement System of Idaho and Erste Asset Management GmbH (together, "Lead Plaintiffs") purport to bring claims against Defendants pursuant to the statutory provisions cited.

27.     The allegations in paragraph 27 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 27, except admit that Lead Plaintiffs purport to invoke the Court's jurisdiction pursuant to the statutory provisions cited.

28.     The allegations in paragraph 28 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 28, except admit that Lead Plaintiffs purport to base venue on the statutory provisions cited.

29.     The allegations in paragraph 29 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in the last sentence of paragraph 30 insofar as they are directed at Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admit that the Court appointed Public Employee Retirement System of Idaho as Lead Plaintiff in this action on April 12, 2017.

31.     Defendants deny the allegations in the last sentence of paragraph 31 insofar as they are directed at Defendants, and otherwise deny knowledge or information sufficient to form

a belief as to the truth of the allegations in paragraph 31, except admit that the Court appointed Erste Asset Management GmbH as Lead Plaintiff in this action on April 12, 2017.

32.    Defendants deny the allegations in paragraph 32, except (i) admit that Alexion is now a Boston, Massachusetts-based biopharmaceutical company that focuses on serving patients with devastating and rare and ultra-rare disorders through the innovation, development and commercialization of life-transforming therapeutic products, (ii) admit that Alexion maintains an office in New Haven, (iii) admit that Alexion was founded in 1992, (iv) admit that Soliris was Alexion's only marketed product until 2015, (v) admit that sales of Soliris were the primary source of Alexion's revenue during the purported Class Period, (vi) admit that Alexion was a publicly-traded company on the NASDAQ Stock Market under the symbol "ALXN," and had over 224 million shares of common stock outstanding as of April 23, 2019, and (vii) deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lead Plaintiffs' alleged stock holdings.

33.    Defendants deny the allegations in paragraph 33, except admit (i) the first sentence in paragraph 33, (ii) that Bell was Chairman of Alexion's Board of Directors from October 2014 to May 2017, (iii) that Bell's signature appears on certain of Alexion's SEC filings from the period in which Bell was CEO, and (iv) that Bell participated in various conference calls with securities analysts as CEO at Alexion.

34.    Defendants deny the allegations in paragraph 34, except admit that (i) Hallal served as CEO at Alexion from April 1, 2015 until he resigned on December 12, 2016, (ii) Hallal served as Chief Operating Officer at Alexion from September 2014 to April 2015, (iii) Hallal served as Executive Vice President and Chief Commercial Officer at Alexion from October 2012 to September 2014, (iv) Hallal served as Senior Vice President, Global Commercial Operations

at Alexion from May 2010 until October 2012, (v) Hallal served as Senior Vice President, Commercial Operations Americas at Alexion from November 2008 to May 2010, (vi) Hallal served as Senior Vice President, US Commercial Operations at Alexion from June 2006 until November 2008, (vii) Hallal participated in various conference calls with securities analysts as CEO at Alexion, and (viii) Hallal's signature appears on SEC filings from the period in which he was CEO at Alexion.

35.     Defendants deny the allegations in paragraph 35, except admit that Sinha served as Executive Vice President and Chief Financial Officer at Alexion from October 2012 to December 12, 2016, and that Sinha participated in various conference calls with securities analysts as CFO at Alexion.

36.     Paragraph 36 contains allegations related to dismissed defendants and/or claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 36, except admit the first sentence of paragraph 36 and that Brennan signed certain SEC filings as interim CEO of Alexion.

37.     Paragraph 37 contains allegations related to dismissed defendants and/or claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 37, except admit (i) the first and third sentences of paragraph 37, (ii) that on May 23, 2017, Alexion announced that Anderson would resign as CFO, and (iii) that Anderson's signature appears on certain SEC filings from the period in which he was CFO of Alexion.

38.     Paragraph 38 contains allegations related to dismissed defendants and/or claims, to which no response is required.  To the extent a response is required, Defendants deny the

allegations in paragraph 38, except admit the first sentence of paragraph 38 and that Hantson's signature appears on certain SEC filings from the period in which he was CEO of Alexion.

39.     Paragraph 39 contains allegations related to dismissed defendants and/or claims, to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 39, except admit the first sentence of paragraph 39 and that Thiel participated in various conference calls with securities analysts as CCO.

40.     Defendants deny the allegations in paragraph 40, and aver that the first sentence in paragraph 40 alleges no facts to which a response is required.  Paragraph 40 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 41.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 2, and otherwise deny the allegations in paragraph 42.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, and otherwise deny the allegations in paragraph 43.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 44.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 5, and otherwise deny the allegations in paragraph 45.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and final sentences of paragraph 46.  Defendants deny the remainder of the allegations in paragraph 46, except admit that Alexion has stated that it utilized numerous diagnostic initiatives, including that it partnered with laboratories.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and final sentences of paragraph 47.  Defendants deny the remainder of the allegations in paragraph 47, except admit that Alexion has stated that it utilized numerous diagnostic initiatives, including that it partnered with laboratories.

48.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and final sentences of paragraph 48.  Defendants deny the remainder of the allegations in paragraph 48, except admit that Alexion has stated that it utilized numerous diagnostic initiatives, including that it partnered with laboratories.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and final sentences of paragraph 49.  Defendants deny the remainder of the allegations in paragraph 49, except admit that Alexion has stated that it utilized numerous diagnostic initiatives, including that it partnered with laboratories.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first and final sentences of paragraph 50.  Defendants deny the remainder of the allegations in paragraph 50, except admit that Alexion has stated that it utilized numerous diagnostic initiatives, including that it partnered with laboratories.

51.     Paragraph 51 alleges no facts to which a response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52, except admit that Alexion was founded in 1992 by Bell and others and that Alexion focuses on serving patients with devastating and rare and ultra-rare disorders through the innovation, development and commercialization of life-transforming therapeutic products.

53.     Defendants deny the allegations in paragraph 53, except admit that Bell and others founded Alexion with a plan that the company would focus on a category of therapies called complement inhibitors, that the aim of complement inhibitors is to limit the complement cascade, and in some cases the cascade can cause harm.

54.     Defendants deny the allegations in paragraph 54, except admit that naturally occurring inhibitors were initially tested, and that Alexion's testing indicated that those inhibitors would likely be ineffective in treating human disorders.

55.     Defendants deny the allegations in paragraph 55, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 55, and admit that Alexion developed a complement inhibiting monoclonal antibody which would later become Soliris.

56.     Defendants deny the allegations in paragraph 56, except deny knowledge or information sufficient to form a belief as to the truth of the allegations about what all investors believed, and admit that Alexion became a publicly-traded company in 1996 and that the monoclonal antibody that would later become Soliris represented a technological breakthrough that could potentially be used to treat patients with a number of ailments and diseases.

57.     Defendants deny the allegations in paragraph 57, except admit that Soliris was initially tested for a number of uses, including to treat rheumatoid arthritis and kidney disease, but certain clinical studies indicated that the biotechnology candidate was not effective in treating those disorders, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

58.     Defendants deny the allegations in paragraph 58, except admit that in 2002, studies conducted by doctors in England under Alexion's direction and sponsorship indicated that Soliris had potential to treat patients with a disease known as paroxysmal nocturnal hemoglobinuria ("PNH"), a life-altering and life-threatening ultra-rare blood disorder.

59.     Defendants admit that, in March 2007, the FDA granted marketing approval for Soliris to treat patients with PNH and that Alexion began commercial sales in the United States of Soliris in April 2007.  Defendants also admit that Soliris was subsequently approved to treat patients with PNH in Europe, Japan and Canada.

60.     Defendants admit that, in September 2011, the FDA approved Soliris to treat patients suffering from aHUS and that Soliris was later approved to treat aHUS in Europe and Japan.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants deny the allegations in paragraph 62, except admit that PNH and aHUS are ultra-rare diseases with patient populations that are smaller than those of many other diseases, and that Hallal was interviewed by Bloomberg in 2015, and respectfully refer the Court to the quoted article for a complete and accurate statement of its contents.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64, except admit that Soliris is significantly more expensive than many less innovative drug treatments.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66, except admit that net product sales of Soliris were approximately $259 million in 2008, approximately $541 million in 2010, approximately $1.13 billion in 2012, approximately $2.23 billion in 2014, and approximately $2.84 billion in 2016.

67.     Defendants deny the allegations in paragraph 67, except admit that Soliris was Alexion's only marketed product until 2015 and that sales of Soliris made up over 90% of Alexion's net product sales in 2015 and 2016.

68.     Defendants deny the allegations in paragraph 68, except admit that Soliris has been granted orphan drug designation for the treatment of PNH and aHUS, and that Alexion has engaged in various disease awareness efforts, diagnostic initiatives, and patient support efforts, and has disclosed as much to its investors.

69.     Defendants deny the allegations in paragraph 69, except (i) admit that an Alexion presentation titled "Commercial Leadership in Rare Diseases," dated on December 10, 2015, contained, among other things, slides titled "educating on severity of PNH" and "early identification of patients with PNH within high risk groups," (ii) admit that Alexion's Form 10-K for the fiscal year ended December 31, 2013 contained the quoted language, and (iii) respectfully refer the court to the referenced presentation and the Annual Report for a complete and accurate statement of their contents.

70.     Defendants deny the allegations in paragraph 70, except admit that the transcript of Alexion's Investor Day conference on December 10, 2015 contains the quoted language

without alterations, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

71.     Defendants deny the allegations in paragraph 71, except (i) admit that the transcript of Alexion's Investor Day conference on December 10, 2015 references "patient support," and Alexion's "one source program," (ii) admit that Soliris has a Risk Evaluation and Mitigation Strategy program that is required by the FDA, as described in Alexion's public filings, and (iii) respectfully refer the Court to the conference transcript and Alexion's Annual Reports for a complete and accurate statement of their contents.

72.     Defendants deny the allegations in paragraph 72, except admit that Alexion's Form 10-K for the fiscal year ended December 31, 2013 contained the quoted language, and respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74, except admit that Alexion (like other pharmaceutical companies) is subject to various laws and regulations.

75.     Defendants deny the allegations in paragraph 75.  In addition, the allegations in paragraph 75 contain legal conclusions to which no response is required.  Paragraph 75 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

76.     Defendants admit that the Office of Inspector General for the Department of Health and Human Services ("OIG") has issued guidance, respectfully refer the Court to the guidance for a complete and accurate statement of its contents, and deny knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 76 concerning OIG's internal views and workings.

77.     Defendants deny the allegations in the first sentence of paragraph 77, admit that OIG has issued guidance and respectfully refer the Court to the guidance for a complete and accurate statement of its contents, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 concerning OIG's internal views and workings.

78.     Defendants admit that OIG has issued guidance, respectfully refer the Court to the guidance for a complete and accurate statement of its contents, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 concerning OIG's internal views and workings.

79.     Defendants admit that the Pharmaceutical Research and Manufacturers of America has issued a code (the "PhRMA Code"), respectfully refer the Court to the PhRMA Code for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.     The allegations in paragraph 80 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 80, except admit that Alexion (like other companies) is subject to various laws and regulations, and respectfully refer the Court to the referenced Connecticut statute for a complete and accurate statement of its contents.

81.     The allegations in paragraph 81 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 81, except admit that Alexion (like other companies) is subject to various laws and regulations, and

respectfully refer the Court to the referenced Connecticut statute for a complete and accurate statement of its contents.

82.     The allegations in paragraph 82 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     Defendants admit that the Pharmaceutical Research and Manufacturers of America has issued the PhRMA Code, respectfully refer the Court to the PhRMA Code for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Defendants admit that the Pharmaceutical Research and Manufacturers of America has issued the PhRMA Code, respectfully refer the Court to the PhRMA Code for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Defendants admit that the Pharmaceutical Research and Manufacturers of America has issued the PhRMA Code, respectfully refer the Court to the PhRMA Code for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Defendants admit that the Pharmaceutical Research and Manufacturers of America has issued the PhRMA Code, respectfully refer the Court to the PhRMA Code for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of

paragraph 87, and admit (i) that Alexion's OneSource program provided education, assistance with access to Soliris, and treatment support for some PNH and aHUS patients and their caregivers and (ii) that Alexion voluntarily adopted the PhRMA Code.

88.     Defendants admit that the American Nurses Association has issued a Code of Ethics for Nurses (the "ANA Code"), respectfully refer the Court to the ANA Code for a complete and accurate statement of its contents, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Defendants deny the allegations in the first sentence of paragraph 89, deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 89, and admit that Alexion (like other pharmaceutical companies) is subject to various laws and regulations.  In addition, the allegations in paragraph 89 contain legal conclusions to which no response is required.

90.     The allegations in paragraph 90 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and respectfully refer the Court to the statute cited for a complete and accurate statement of its contents.

91.     The allegations in paragraph 91 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and respectfully refer the Court to the regulation cited for a complete and accurate statement of its contents.

92.     The allegations in paragraph 92 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 92, and respectfully refer the Court to the regulations cited for a complete and accurate statement of their contents.

93.     The allegations in paragraph 93 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and respectfully refer the Court to the regulations cited for a complete and accurate statement of their contents.

94.     The allegations in paragraph 94 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 94, except deny knowledge or information sufficient to form a belief as to truth of the allegations concerning the legal status of third party laboratories.

95.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98, except admit that Alexion's Forms 10-K for the fiscal years ended December 31, 2014, December 31, 2015, and December 31, 2016 contained the quoted language, and respectfully refer the Court to the Forms 10-K for a complete and accurate statement of their contents.

99.     Defendants deny the allegations in paragraph 99, except admit that Alexion's Forms 10-K for the fiscal years ended December 31, 2015 and December 31, 2016 contained the

quoted language, and respectfully refer the Court to the Forms 10-K for a complete and accurate statement of their contents.

100.    The allegations in paragraph 100 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, except admit that Alexion (like other companies) is subject to various laws and regulations.

101.    The allegations in paragraph 101 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, and respectfully refer the Court to the statute cited for a complete and accurate statement of its contents.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 103.

104.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 104, except admit that Hallal became Executive Vice President and Chief Commercial Officer at Alexion in 2012.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.     Defendants deny the allegations in paragraph 108, except admit that nurse case managers reported to the commercial organization for a period of time.  In addition, the allegations in paragraph 108 contain legal conclusions to which no response is required.

109.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, except admit that Alexion has engaged in various educational disease awareness initiatives to help as many patients as possible benefit from Soliris, a life-changing drug.

110.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 110.

111.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 111.

112.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, admit that medical science liaisons reported to the medical affairs department, and otherwise deny the allegations in paragraph 112.

113.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 5, and otherwise deny the allegations in paragraph 113.

114.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, and otherwise deny the allegations in paragraph 114.

115.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, and otherwise deny the allegations in paragraph 115.

116.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, and otherwise deny the allegations in paragraph 116.

117.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, CW 3, and CW 4, and otherwise deny the allegations in paragraph 117.

118.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 118.

119.     Defendants deny the allegations in paragraph 119.  In addition, the allegations in paragraph 119 contain legal conclusions to which no response is required.

120.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 120.

121.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 121.

122.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 2, and otherwise deny the allegations in paragraph 122.

123.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, and otherwise deny the allegations in paragraph 123.

124.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 124.

125.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 125.

126.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 5, and otherwise deny the allegations in paragraph 126.

127.     Defendants deny the allegations in paragraph 127.  In addition, the allegations in paragraph 127 contain legal conclusions to which no response is required.

128.     Defendants deny the allegations in paragraph 128.

129.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 129.

130.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 130.

131.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131.

132.     Defendants deny the allegations in paragraph 132.  In addition, the allegations in paragraph 132 contain legal conclusions to which no response is required.

133.     Defendants deny the allegations in paragraph 133, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

134.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

135.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, otherwise deny the allegations in paragraph 135, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.  In addition, the allegations in paragraph 135 contain legal conclusions to which no response is required.

136.     Defendants deny the allegations in paragraph 136, except admit that an Alexion presentation titled "Commercial Leadership in Rare Diseases," dated December 10, 2015, contained, among other things, a slide noting that Alexion "[d]evelop[ed] lab partnerships," and respectfully refer the Court to the referenced presentation for a complete and accurate statement of its contents.  In addition, the allegations in paragraph 136 contain legal conclusions to which no response is required.

137.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 137, except admit that Alexion has stated that it partnered with laboratories.  In addition, the allegations in paragraph 137 contain legal conclusions to which no response is required.

138.    Defendants deny the allegations in paragraph 138, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

139.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 139, except admit that Alexion has stated that it partnered with laboratories.  In addition, the allegations in paragraph 139 contain legal conclusions to which no response is required.

140.    Defendants deny the allegations in paragraph 140.

141.    Defendants deny the allegations in paragraph 141, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.  In addition, the allegations in paragraph 141 contain legal conclusions to which no response is required.

142.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 142.

143.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 143.

144.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 144.

145.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 145, except admit that (i) Alexion has stated that it partnered with

laboratories and (ii) there was a group at Alexion called Diagnostic Lab Specialists that worked with laboratories.

146.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 5, and otherwise deny the allegations in paragraph 146, except admit that Alexion has stated that it partnered with laboratories.

147.    Defendants deny the allegations in paragraph 147.  In addition, the allegations in paragraph 147 contain legal conclusions to which no response is required.

148.    Defendants deny the allegations in paragraph 148, except (i) admit that Alexion made donations to various charitable organizations—including Patient Services Inc. ("PSI"), as well as the National Organization for Rare Disorders ("NORD")—that provide financial assistance to certain patients prescribed Soliris, (ii) admit that certain of Alexion's Forms 10-Q contain the quoted language, and (iii) respectfully refer the Court to Alexion's Forms 10-Q for a complete and accurate statement of their contents. Furthermore, the allegations in paragraph 148 contain legal conclusions to which no response is required.

149.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 149.

150.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1 and CW 3, and otherwise deny the allegations in paragraph 150.

151.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the

allegations in paragraph 151, except (i) admit that Alexion made donations to various charitable organizations—including Patient Services Inc. ("PSI"), as well as the National Organization for Rare Disorders ("NORD")—that provide financial assistance to certain patients prescribed Soliris, (ii) admit that Alexion entered into a settlement on April 1, 2019 with the U.S. Department of Justice and the Office of Inspector General of the Department of Health and Human Services ("OIG-HHS Settlement"), in which the government made various allegations, including the quoted language, without emphasis or alteration, and (iii) respectfully refer the Court to the OIG-HHS Settlement Agreement for a complete and accurate statement of its contents.

152.    Defendants deny the allegations in paragraph 152, except admit that in the OIG-HHS Settlement, the government made various allegations, including the quoted language, and respectfully refer the Court to the OIG-HHS Settlement Agreement for a complete and accurate statement of its contents.

153.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 2, and otherwise deny the allegations in paragraph 153.

154.    The allegations in paragraph 154 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 154.

155.    Defendants deny the allegations in paragraph 155, except admit that Alexion made donations to AFAG.

156.    Defendants deny the allegations in paragraph 156, except admit that some patients in Brazil obtained access to Soliris through the judicial system.

157.    Defendants deny the allegations in paragraph 157, except admit that some patients in Brazil obtained access to Soliris through the judicial system, and that Alexion provided support to AFAG in Brazil.[1]

158.    Defendants deny the allegations in paragraph 158, except admit that Alexion disclosed that it provided AFAG with 1.672 million Brazilian reais in 2014; 1.672 million Brazilian reais in 2015; and 2.675 million Brazilian reais in 2016.

159.    Defendants deny the allegations in paragraph 159, except admit that some patients in Brazil obtained access to Soliris through the judicial system.

160.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160, except deny any suggestion that Alexion knowingly funded fraudulent lawsuits.

161.    Defendants deny the allegations in paragraph 161 and expressly preserve without waiver any attorney-client, work product, or other privilege that may attach to any communications with its outside counsel, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and sixth sentences of paragraph 161.

162.    Defendants deny the allegations in paragraph 162, except admit that there is an investigation being conducted into Alexion's Brazilian operations as publicly disclosed by Alexion.

163.    Defendants deny the allegations in paragraph 163.

---

[1]    To the extent the allegations in paragraph 157 or any other part of the Amended Complaint reveal attorney-client privileged communications and/or attorney work product, the disclosure of those communications or materials was not authorized by Alexion.  Alexion has not and does not intend to waive any applicable privileges in this Answer.  Alexion reserves all rights to withhold production of privileged material and/or demand the destruction or return of any such material, including but not limited to the referenced law firm report.

164.     Defendants deny the allegations in paragraph 164, except admit that the transcript of Alexion's January 30, 2014 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

165.     Defendants deny the allegations in paragraph 165.

166.     Defendants deny the allegations in the first sentence of paragraph 166, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

167.     Defendants deny the allegations in paragraph 167.

168.     Defendants deny the allegations in paragraph 168.

169.     Defendants deny the allegations in paragraph 169.

170.     Defendants deny the allegations in paragraph 170, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 170, and admit that on or about November 4, 2016, Alexion cancelled an appearance at the Credit Suisse Healthcare Conference.

171.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

172.     Defendants deny the allegations in paragraph 172, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced date.

173.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

174.    Defendants deny the allegations in paragraph 174, except admit that Alexion issued a press release on November 9, 2016 that contains the quoted language, without emphasis or alteration, except that the press release stated "at this time it is uncertain when this investigation will be complete," and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

175.    Defendants deny the allegations in paragraph 175.

176.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

177.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

178.    Defendants deny the allegations in the first sentence of paragraph 178, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

179.    Defendants deny the allegations in paragraph 179, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.

180.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

181.     Defendants deny the allegations in the first and fourth sentences of paragraph 181, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

182.     The allegations in paragraph 182 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 182, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

183.     Defendants admit the allegations in paragraph 183.

184.     Defendants deny the allegations in paragraph 184, except admit that Alexion's December 12, 2016 press release contains the quoted language, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

185.     Defendants deny the allegations in the first sentence of paragraph 185, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

186.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 186, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

187.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

188.     Defendants deny the allegations in paragraph 188, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.

189.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 4, and otherwise deny the allegations in paragraph 189, except admit that Alexion's May 24, 2017 press release stated that the reporting structure for OneSource changed so that nurse case managers would report directly to Medical Affairs, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

190.     Defendants deny the allegations in paragraph 190, except admit that Alexion's January 4, 2017 press release contains the quoted language, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

191.     Defendants deny the allegations in paragraph 191.

192.     Defendants deny the allegations in paragraph 192.

193.     Defendants deny the allegations in the first sentence of paragraph 193, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

194.     Defendants deny the allegations in paragraph 194, except admit that on January 19, 2017, Alexion filed an amended Form 10-K for the fiscal year ended December 31, 2015,

and respectfully refer the Court to the amended Form 10-K for a complete and accurate statement of its contents.

195.    Defendants deny the allegations in paragraph 195, except admit that on February 16, 2017, Alexion filed its Form 10-K for the fiscal year ended December 31, 2016, and respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

196.    Defendants deny the allegations in paragraph 196, except admit that, on March 6, 2017, Brennan spoke at the Cowen Healthcare Conference, and respectfully refer the Court to the transcript of Brennan's remarks for a complete and accurate statement of its contents.  Paragraph 196 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

197.    Defendants deny the allegations in paragraph 197, except admit that the transcript of Brennan's remarks at the March 6, 2017 Cowen Healthcare Conference contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.  Paragraph 197 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

198.    Defendants deny the allegations in paragraph 198, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.  Paragraph 198 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

199.    Defendants deny the allegations in paragraph 199.  Paragraph 199 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

200.     Defendants deny the allegations in paragraph 200.  Paragraph 200 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

201.     Defendants deny the allegations in paragraph 201.

202.     Defendants deny the allegations in paragraph 202, except admit that Alexion disclosed in its Form 10-K for the fiscal year ended December 31, 2017 that Brazilian authorities were investigating Alexion's Brazilian operations, and respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

203.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203.

204.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204.

205.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205.

206.     Defendants deny the allegations in paragraph 206, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 206, and (i) admit that Alexion disclosed in its Form 10-K for the fiscal year ended December 31, 2017 that Brazilian authorities were investigating Alexion's Brazilian operations and (ii) admit that Alexion disclosed in 2015 that it provided AFAG with 1.672 million Brazilian reais in 2015, and respectfully refer the Court to the Form 10-K and 2015 Alexion report on support to patient advocacy organizations for a complete and accurate statement of their contents.

207.     Defendants deny the allegations in paragraph 207, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced date.

208.     Defendants deny the allegations in paragraph 208, except admit that Alexion's May 23, 2017 press release stated that Alexion was announcing changes to its executive leadership team, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

209.     Defendants deny the allegations in paragraph 209, except admit that Alexion's May 23, 2017 press release stated that Anderson "will resign his position at the end of August," and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

210.     Defendants admit the allegations in paragraph 210.

211.     Defendants deny the allegations in paragraph 211, except (i) admit that in or around March 2017, Edward Miller left Alexion, (ii) admit that Alexion's March 2, 2017 press release stated that Bell "will not stand for reelection as a Board member and will retire as Chairman of the Board and as a Director at the end of his term, effective as of the Annual Meeting of Shareholders scheduled for May 10, 2017," and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

212.     Defendants deny the allegations in paragraph 212.  Furthermore, Defendants repeat and incorporate by reference herein their responses to paragraphs 208 through 211.

213.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

214.     Defendants deny the allegations in paragraph 214, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.

215.     Defendants deny the allegations in the first sentence of paragraph 215, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 215, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

216.     Defendants deny the allegations in the first and second sentences of paragraph 216, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

217.     Defendants deny the allegations in paragraph 217, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

218.     Defendants deny the allegations in paragraph 218, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the sources of the referenced article, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

219.     Defendants deny the allegations in paragraph 219, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.

220.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 220, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

221.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 221, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

222.     Defendants deny the allegations in paragraph 222, and respectfully refer the Court to the referenced article for a complete and accurate statement of its contents.

223.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 223, and otherwise deny the allegations in paragraph 223, except admit that Alexion's Form 10-Q for the quarterly period ended September 30, 2016 disclosed receipt of a subpoena from the U.S. Attorney's Office for the District of Massachusetts, and respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

224.     Defendants deny the allegations in paragraph 224, except admit that Alexion's Form 10-K for the fiscal year ended December 31, 2018 contains the quoted language, without alteration, and respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

225.     Defendants deny the allegations in paragraph 225, except admit that as part of the OIG-HHS Settlement Agreement, the government made various allegations pertaining to the Anti-Kickback Statute, and respectfully refer the Court to the OIG-HHS Settlement for a complete and accurate statement of its contents.

226.     Defendants deny the allegations in paragraph 226, except admit that as part of the OIG-HHS Settlement Agreement, the government made various allegations about Alexion's agreements with PSI, and respectfully refer the Court to the OIG-HHS Settlement for a complete and accurate statement of its contents.

227.     Defendants deny the allegations in paragraph 227, except admit that as part of the OIG-HHS Settlement Agreement, the government made the allegations quoted in paragraph 227, without emphasis or alteration, and respectfully refer the Court to the OIG-HHS Settlement for a complete and accurate statement of its contents.

228.     Defendants deny the allegations in paragraph 228, except admit that as part of the OIG-HHS Settlement Agreement, the government made the allegations quoted in paragraph 228, and respectfully refer the Court to the settlement agreement for a complete and accurate statement of its contents.

229.     Defendants deny the allegations in paragraph 229.

230.     Defendants deny the allegations in paragraph 230, except admit, as stated in Alexion's public filings, Alexion paid approximately $13.1 million to the Department of Justice and the Office of Inspector General of the Department of Health and Human Services as part of the OIG-HHS Settlement and that $7,020,000 of the settlement amount was designated by the OIG-HHS Settlement as restitution to the United States.

231.     Defendants deny the allegations in paragraph 231.

232.     Defendants deny the allegations in paragraph 232.

233.     To the extent the allegations in paragraph 233 relate to claims that have been dismissed by the Court, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 233.

234.     To the extent the allegations in paragraph 234 relate to claims that have been dismissed by the Court, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 234.

235.     Defendants deny the allegations in paragraph 235, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 235, (ii) admit that Alexion's January 30, 2014 press release stated that "[f]or the three months ended December 31, 2013, [Alexion] reported net product sales of Soliris® (eculizumab) of $441.9 million," and "Soliris® (eculizumab) Net Product Sales Increased 37 Percent to $1.551 Billion in 2013," and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

236.     Defendants deny the allegations in paragraph 236, except admit that the transcript of Alexion's January 30, 2014 earnings call contains the quoted language, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

237.     Defendants deny the allegations in paragraph 237.  In addition, to the extent that the allegations in paragraph 237 contain legal conclusions, no response is required.  Furthermore, Defendants repeat and incorporate by reference herein their responses to paragraphs 115 through 118, 120 through 126, 130 through 131, 135, 139, 142 through 146, and 149 through 151.

238.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

239.     Defendants deny the allegations in paragraph 239, except (i) admit that Alexion's Form 10-K for the fiscal year ended December 31, 2013 contains the quoted language, without emphasis, (ii) admit that Bell's and Sinha's signatures appear on the Form 10-K, and (iii) respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

240.     Defendants deny the allegations in paragraph 240, except admit that Alexion's Form 10-K for the fiscal year ended December 31, 2013 contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

241.     Defendants deny the allegations in paragraph 241, and repeat and incorporate by reference herein their response to paragraph 237.

242.     Defendants deny the allegations in paragraph 242, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 242, and (ii) admit that Alexion's April 24, 2014 press release stated that Alexion "reported net product sales of Soliris® (eculizumab) of $566.6 million," and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

243.     Defendants deny the allegations in paragraph 243, except admit that the transcript of Alexion's April 24, 2014 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

244.     Defendants deny the allegations in paragraph 244, and repeat and incorporate by reference herein their response to paragraph 237.

245.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

246.     Defendants deny the allegations in paragraph 246, except (i) admit that Alexion's Form 10-Q for the quarter ended March 31, 2014 contains the quoted language, without emphasis or alteration, (ii) admit that Bell's and Sinha's signatures appear on the Form 10-Q,

and (iii) respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

247.    Defendants deny the allegations in paragraph 247, and repeat and incorporate by reference herein their response to paragraph 237.

248.    Defendants deny the allegations in the first and final sentences of paragraph 248, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

249.    Defendants deny the allegations in paragraph 249, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 249, (ii) admit that Alexion's July 24, 2014 press release stated that Alexion "reported net product sales of Soliris® (eculizumab) of $512.5 million in the second quarter of 2014," and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

250.    Defendants deny the allegations in paragraph 250, except admit that the transcript of Alexion's July 24, 2014 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

251.    Defendants deny the allegations in paragraph 251, and repeat and incorporate by reference herein their response to paragraph 237.

252.    Defendants deny the allegations in the first sentence of paragraph 252, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 252, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

253.     Defendants deny the allegations in paragraph 253, except (i) admit that Alexion's Form 10-Q for the quarter ended June 30, 2014 contains the quoted language, without emphasis or alteration, (ii) admit that Bell's and Sinha's signatures appear on the Form 10-Q, and (iii) respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

254.     Defendants deny the allegations in paragraph 254, and repeat and incorporate by reference herein their response to paragraph 237.

255.     Defendants deny the allegations in the second sentence of paragraph 255, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

256.     Defendants deny the allegations in paragraph 256, except (i) admit that Alexion's Form 10-Q for the quarter ended September 30, 2014 contains the quoted language, without emphasis or alteration, (ii) admit that Bell's and Sinha's signatures appear on the Form 10-Q, and (iii) respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

257.     Defendants deny the allegations in paragraph 257, and repeat and incorporate by reference herein their response to paragraph 237.

258.     Defendants deny the allegations in the first sentence of paragraph 258, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 258, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

259.    The allegations in paragraph 259 relate to claims that have been dismissed by the Court and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 259, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 259, and (ii) admit that Alexion's January 29, 2015 press release stated that "[f]or the three months ended December 31, 2014, the Company reported net product sales of Soliris® (eculizumab) of $599 million," and "2014 net product sales increased 44 percent to $2.234 billion," and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

260.    The allegations in paragraph 260 relate to claims that have been dismissed by the Court and no response is required.   To the extent a response is required, Defendants deny the allegations in paragraph 260.

261.    The allegations in paragraph 261 relate to claims that have been dismissed by the Court and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 261, and repeat and incorporate by reference herein their response to paragraph 237.

262.    The allegations in paragraph 262 relate to claims that have been dismissed by the Court and no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 262, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

263.     Defendants deny the allegations in paragraph 263, except (i) admit Alexion's Form 10-K for the fiscal year ended December 31, 2014 contains the quoted language, without emphasis or alteration, (ii) admit Bell's and Sinha's signatures appear on the Form 10-K, and (iii) respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

264.     Defendants deny the allegations in paragraph 264.

265.     Defendants deny the allegations in paragraph 265, and repeat and incorporate by reference herein their response to paragraph 237.

266.     Defendants deny the allegations in paragraph 266, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 266, and (ii) admit that Alexion's April 23, 2015 press release stated that Alexion "reported net product sales of Soliris® (eculizumab) of $600.3 million," and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

267.     Defendants deny the allegations in paragraph 267, except admit that the transcript of Alexion's April 23, 2015 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

268.     Defendants deny the allegations in paragraph 268, and repeat and incorporate by reference herein their response to paragraph 237.

269.     Defendants deny the allegations in the first sentence of paragraph 269, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.

270.     Defendants deny the allegations in paragraph 270, except (i) admit that Alexion's Form 10-Q for the quarter ended March 31, 2015 contains the quoted language, without emphasis or alteration, (ii) admit that Hallal's and Sinha's signatures appear on the Form 10-Q, and (iii) respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

271.     Defendants deny the allegations in paragraph 271, and repeat and incorporate by reference herein their response to paragraph 237.

272.     Defendants deny the allegations in paragraph 272, except (i) admit Alexion's Form 10-Q for the quarter ended June 30, 2015 contains the quoted language, without emphasis, (ii) admit Hallal's and Sinha's signatures appear on the Form 10-Q, and (iii) respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

273.     Defendants deny the allegations in paragraph 273, and repeat and incorporate by reference herein their response to paragraph 237.

274.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

275.     Defendants deny the allegations in paragraph 275, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 275, and (ii) admit that Alexion's October 29, 2015 press release stated that "Soliris net product sales were $665.4 million," and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

276.     Defendants deny the allegations in paragraph 276, except admit that the transcript of Alexion's October 29, 2015 earnings call contains the quoted language, without emphasis, and

respectfully refer the Court to the transcript for a complete and accurate statement of its contents. Paragraph 276 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

277.    Defendants deny the allegations in paragraph 277, and repeat and incorporate by reference herein their response to paragraph 237.  Paragraph 277 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

278.    Defendants deny the allegations in the first sentence of paragraph 278, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278, and respectfully refer the Court to the referenced analyst reports for a complete and accurate statement of their contents.  Paragraph 278 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

279.    Defendants deny the allegations in paragraph 279, except (i) admit Alexion's Form 10-Q for the quarter ended September 30, 2015 contains the quoted language, without emphasis, (ii) admit Hallal's and Sinha's signatures appear on the Form 10-Q, and (iii) respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

280.    Defendants deny the allegations in paragraph 280, and repeat and incorporate by reference herein their response to paragraph 237.

281.    Defendants deny the allegations in paragraph 281, except admit that Alexion's April 23, 2015 press release stated that Alexion's "[t]otal revenues in the fourth quarter were $701 million," "[t]otal revenues for the full year of 2015 were $2.604 billion," and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

282.     Defendants deny the allegations in paragraph 282, except admit that the transcript of Alexion's February 3, 2016 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.  Paragraph 282 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

283.     Defendants deny the allegations in paragraph 283, and repeat and incorporate by reference herein their response to paragraph 237.  Paragraph 283 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

284.     Defendants deny the allegations in the first sentence of paragraph 284, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

285.     Defendants deny the allegations in paragraph 285, except (i) admit Alexion's Form 10-K for the fiscal year ended December 31, 2015 contains the quoted language, without emphasis, (ii) admit Hallal's and Sinha's signatures appear on the Form 10-K, and (iii) respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

286.     Defendants deny the allegations in paragraph 286, except admit that Alexion's Form 10-K for the fiscal year ended December 31, 2013 contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the Form 10-K for a complete and accurate statement of its contents.

287.     Defendants deny the allegations in paragraph 287, and repeat and incorporate by reference herein their response to paragraph 237.

288.    Defendants deny the allegations in paragraph 288, except admit that the transcript of the March 16, 2016 Barclays Global Health Care Conference contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents.

289.    Defendants deny the allegations in paragraph 289 and repeat and incorporate by reference herein their response to paragraph 237.

290.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and respectfully refer the Court to the referenced analyst report for a complete and accurate statement of its contents.

291.    Defendants deny the allegations in paragraph 291, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 291, (ii) admit that Alexion's July 28, 2016 press release stated that "Soliris® (eculizumab) net product sales were $701 million," and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

292.    Defendants deny the allegations in paragraph 292, except admit that the transcript of Alexion's July 28, 2016 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to transcript for a complete and accurate statement of its contents.

293.    Defendants deny the allegations in paragraph 293, and repeat and incorporate by reference herein their response to paragraph 237.

294.    Defendants deny the allegations in paragraph 294, except (i) deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 294, (ii) admit that Alexion's October 27, 2016 press release stated that net product

sales of Soliris in the third quarter of 2016 were $729 million, and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

295.    Defendants deny the allegations in paragraph 295, except admit that the transcript of Alexion's October 27, 2016 earnings call contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the transcript for a complete and accurate statement of its contents

296.    Defendants deny the allegations in paragraph 296, and repeat and incorporate by reference herein their response to paragraph 237.

297.    Defendants deny the allegation in paragraph 297, except (i) admit that Alexion's Form 10-Q for the quarter ended September 30, 2016 contains the quoted language, without emphasis or alteration, (ii) admit that Brennan and Anderson's signatures appear on the Form 10-Q, and respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

298.    Defendants deny the allegations in paragraph 298, except admit that Alexion's Form 10-Q for the quarter ended September 30, 2016 contains the quoted language, without emphasis or alteration, and respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

299.    Defendants deny the allegations in paragraph 299, except admit that Alexion's Form 10-Q for the quarter ended September 30, 2016 contains the quoted language, without emphasis or alteration, and that the Form 10-Q states that "[p]ull-in sales during the fourth quarter of 2015 were estimated to be between approximately $10 million to $17 million," and respectfully refer the Court to the Form 10-Q for a complete and accurate statement of its contents.

300.    Defendants deny the allegations in paragraph 300, and repeat and incorporate by reference herein their response to paragraph 237.

301.    Defendants deny the allegations in paragraph 301.  In addition, the allegations in paragraph 301 relate to claims that have been dismissed by the Court and no response is required.

302.    The allegations in paragraph 302 relate to claims that have been dismissed by the Court and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 302, except admit that Alexion's Code of Ethics and Business Conduct contained the quoted language, without emphasis or alteration, and respectfully refer the Court to the Code of Ethics and Business Conduct for a complete and accurate statement of its contents.

303.    To the extent the allegations in paragraph 303 relate to claims that have been dismissed by the Court, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 303.

304.    To the extent the allegations in paragraph 304 relate to claims that have been dismissed by the Court, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 304.

305.    The allegations in paragraph 305 relate to claims that have been dismissed by the Court and no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 305, except admit that Alexion's Form 14A dated March 31, 2016 contains the quoted language without emphasis or alteration, and respectfully refer the Court to the Schedule 14A for a complete and accurate statement of its contents.

306.     To the extent the allegations in paragraph 306 relate to claims that have been dismissed by the Court, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 306.

307.     To the extent the allegations in paragraph 307 relate to claims that have been dismissed by the Court, no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 307.

308.     Defendants admit that the signatures of Bell, Hallal, Sinha, Brennan, Anderson, and Hantson appear on SOX certifications in various Alexion SEC filings, and otherwise deny the allegations in paragraph 308.

309.     Defendants deny the allegations in paragraph 309, except (i) admit that Alexion's Form 10-K for the fiscal year ended December 31, 2013 and Form 10-K for the fiscal year ended December 31, 2014 contain the quoted language, (ii) admit that the signatures of Bell and Sinha appear on the certifications of the Forms 10-K filed on February 10, 2014 and February 6, 2015, and (iii) respectfully refer the Court to the Forms 10-K for a complete and accurate statement of their contents.

310.     Defendants admit that the signatures of Bell and Sinha appear on the documents referenced in paragraph 310, and otherwise deny the allegations in paragraph 310.

311.     Defendants admit that the signatures of Hallal and Sinha appear on the documents referenced in paragraph 311, and otherwise deny the allegations in paragraph 311.

312.     Defendants admit that the signatures of Brennan and Anderson appear on the documents referenced in paragraph 312, and otherwise deny the allegations in paragraph 312. Paragraph 312 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

313.     Defendants admit that the signatures of Hantson and Anderson appear on the documents referenced in paragraph 313, and otherwise deny the allegations in paragraph 313. Paragraph 313 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

314.     Defendants deny the allegations in paragraph 314.  Paragraph 314 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

315.     Defendants deny the allegations in paragraph 315.  Paragraph 315 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

316.     Defendants deny the allegations in paragraph 316.

317.     Defendants deny the allegations in paragraph 317.

318.     Defendants deny the allegations in paragraph 318.  In addition, the allegations in paragraph 318 contain legal conclusions to which no response is required.

319.     Defendants deny the allegations in paragraph 319.

320.     Defendants deny the allegations in the first sentence of paragraph 320, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 320.

321.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321, and respectfully refer the Court to the cited document for a complete and accurate statement of its contents.

322.     Defendants deny the allegations in paragraph 322.  Paragraph 322 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

323.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 323.

324.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 324.

325.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 3, and otherwise deny the allegations in paragraph 325.

326.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 2, and otherwise deny the allegations in paragraph 326.

327.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 327.

328.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 1, and otherwise deny the allegations in paragraph 328.

329.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations reflecting the purported knowledge of CW 2, and otherwise deny the allegations in paragraph 329.

330.    Defendants deny the allegations in paragraph 330.

331.     Defendants deny the allegations in paragraph 331, except (i) admit that, on November 9, 2016, Alexion announced the departures of its Chief Executive Officer, two Chief Financial Officers, Chief Compliance Officer, and two Executive Vice Presidents, (ii) admit that Alexion's March 2, 2017 press release stated that Bell "will not stand for reelection as a Board member and will retire as Chairman of the Board and as a Director at the end of his term, effective as of the Annual Meeting of Shareholders scheduled for May 10, 2017," and (iii) respectfully refer the Court to the press release for a complete and accurate statement of its contents.

332.     Defendants deny the allegations in paragraph 332.

333.     Defendants deny the allegations in paragraph 333, except admit that Alexion's May 23, 2017 press release stated that Alexion was announcing changes to its executive leadership team, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.  In addition, the allegations in paragraph 333 contain legal conclusions to which no response is required.

334.     The allegations in paragraph 334 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 334.  Paragraph 334 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

335.     The allegations in paragraph 335 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 335.

336.     The allegations in paragraph 336 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph

336, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced date.

337.     The allegations in paragraph 337 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 337.

338.     The allegations in paragraph 338 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 338.

339.     Defendants deny the allegations in paragraph 339, and respectfully refer the Court to publicly available sources for complete and accurate information concerning the trading price of Alexion stock during the referenced dates.

340.     The allegations in paragraph 340 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 340.

341.     Defendants deny the allegations in paragraph 341, except admit that (i) Alexion's common stock was listed and traded on the NASDAQ, (ii) Alexion filed periodic public reports with the SEC, (iii) Alexion regularly communicated with public investors, and (iv) Alexion was followed by various securities analysts.  In addition, the allegations in paragraph 341 contain legal conclusions to which no response is required.

342.     The allegations in paragraph 342 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342.

343.    The allegations in paragraph 343 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 343.

344.    The allegations in paragraph 344 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 344.

345.    The allegations in paragraph 345 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 345.

346.    The allegations in paragraph 346 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 346.

347.    The allegations in paragraph 347 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 347.

348.    The allegations in paragraph 348 contain legal conclusions to which no response is required.  To the extent a response is required,  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348.

349.    The allegations in paragraph 349 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349.

350.    The allegations in paragraph 350 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 350, and deny the allegations in the second sentence of paragraph 350.

351.  The allegations in paragraph 351 contain legal conclusions to which no response is required.  To the extent a response is required,  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351.

352.  The allegations in paragraph 352 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 352.  Paragraph 352 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

353.  The allegations in paragraph 353 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 353.

354.  Defendants repeat and incorporate by reference herein their responses to each and every allegation contained above as if fully set forth herein.

355.  Defendants admit that Lead Plaintiffs purport to bring a claim under the statute and regulation set forth in paragraph 355, and otherwise deny the allegations therein.  Paragraph 355 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

356.  The allegations in paragraph 356 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 356.  Paragraph 356 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

357.    The allegations in paragraph 357 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 357.  Paragraph 357 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

358.    The allegations in paragraph 358 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 358.  Paragraph 358 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

359.    The allegations in paragraph 359 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 359.

360.    The allegations in paragraph 360 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 360.  Paragraph 360 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

361.    The allegations in paragraph 361 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 361.  Paragraph 361 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

362.    The allegations in paragraph 362 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 362.  Paragraph 362 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

363.     The allegations in paragraph 363 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 363.  Paragraph 363 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

364.     The allegations in paragraph 364 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 364.  Paragraph 364 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

365.     Defendants repeat and incorporate by reference herein their responses to each and every allegation contained above as if fully set forth herein.

366.     Defendants admit that Lead Plaintiffs purport to bring a claim under the regulation set forth in paragraph 366, and otherwise deny the allegations therein.

367.     The allegations in paragraph 367 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 367.  Paragraph 367 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

368.     The allegations in paragraph 368 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 368.  Paragraph 368 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

369.     The allegations in paragraph 369 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph

369.  Paragraph 369 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

370.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370.

371.    The allegations in paragraph 371 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 371.  Paragraph 371 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

372.    The allegations in paragraph 372 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 372.  Paragraph 372 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

373.    The allegations in paragraph 373 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 373.  Paragraph 373 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

374.    Defendants repeat and incorporate by reference herein their responses to each and every allegation contained above as if fully set forth herein.

375.    Defendants admit that Lead Plaintiffs purport to bring a claim under the statute set forth in paragraph 375, and otherwise deny the allegations therein.  Paragraph 375 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

376.    The allegations in paragraph 376 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph

376.  Paragraph 376 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

377.    The allegations in paragraph 377 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 377, except admit that the signatures of Bell, Hallal, Sinha, Brennan, Anderson, and Hantson appear on various Alexion SEC filings.  Paragraph 377 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

378.    The allegations in paragraph 378 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 378.  Paragraph 378 also contains allegations related to dismissed defendants and/or claims, to which no response is required.

## PRAYER FOR RELIEF

Answering Lead Plaintiffs' prayer for relief, Defendants deny that Lead Plaintiffs are entitled to relief against Defendants.

## DEMAND FOR TRIAL BY JURY

Answering Lead Plaintiffs' demand for a jury trial, Defendants admit that Lead Plaintiffs purport to demand a jury trial, and otherwise deny the allegations in this demand.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby repeat, reallege, and incorporate herein by reference their responses to the allegations in Paragraphs 1 through 378 of the Amended Complaint and plead their affirmative and other defenses, without assuming the burden of proof, persuasion, or production not otherwise legally assigned to them, and without prejudice to their Answer. Defendants hereby reserve the right to amend or add additional defenses upon further investigation and discovery.

**FIRST DEFENSE**

Lead Plaintiffs fail, in whole or in part, to state a claim against Defendants upon which relief may be granted or for which the damages sought may be awarded.

**SECOND DEFENSE**

Lead Plaintiffs fail, in whole or in part, to plead facts underlying the alleged fraudulent conduct with sufficient particularity as required by Federal Rule of Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

**THIRD DEFENSE**

Defendants are not liable to Lead Plaintiffs because Defendants' statements were accurate in all material respects.

**FOURTH DEFENSE**

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants did not make any statements or omissions of material fact that they knew, or deliberately or recklessly disregarded, to be fraudulent or misleading.

**FIFTH DEFENSE**

Defendants are not liable to Lead Plaintiffs because Defendants' statements did not contain any misrepresentations or omissions.

**SIXTH DEFENSE**

Defendants are not liable to Lead Plaintiffs because Defendants did not act with the requisite scienter.

**SEVENTH DEFENSE**

Defendants acted at all times in good faith and had no knowledge, and were not reckless in not knowing, that any alleged misstatement or omission was false or misleading.

## EIGHTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because any alleged misstatements or omissions were immaterial.

## NINTH DEFENSE

Defendants are not liable to the extent that any alleged misstatements by Defendants were forward-looking statements and/or contained sufficient cautionary language and risk disclosure.

## TENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the statements challenged constitute immaterial puffery or corporate optimism that are not actionable.

## ELEVENTH DEFENSE

Defendants are not liable to Lead Plaintiffs because Defendants had no duty to disclose any facts allegedly not disclosed.

## TWELFTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs did not rely, or could not have relied, either reasonably, justifiably, or as a matter of law, upon the misstatements or omissions alleged in the Amended Complaint.

## THIRTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because the risks of investing in Alexion securities that ultimately came to pass, if any, were adequately disclosed and thus Lead Plaintiffs were warned of all the risks that Lead Plaintiffs allege were misstated or omitted.

## FOURTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because Lead Plaintiffs' alleged injuries were not legally or proximately caused by any statements or omissions of Defendants.

## FIFTEENTH DEFENSE

Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because of the lack of loss causation, or any conduct that caused a purported artificial inflation and subsequent deflation of the price of Alexion's common stock.

## SIXTEENTH DEFENSE

Lead Plaintiffs' claims are barred under Section 20(a) of the Securities Exchange Act of 1934 because Lead Plaintiffs cannot establish the primary liability necessary to assert a claim for control person liability.

## SEVENTEENTH DEFENSE

Defendants Bell, Hallal, and Sinha are not liable under Section 20(a) of the Securities Exchange Act of 1934, because they acted in good faith and did not disseminate, culpably participate in, nor directly or indirectly induce, the making of any false or misleading statements or omissions.

## EIGHTEENTH DEFENSE

To the extent asserted on behalf of a putative class, Lead Plaintiffs' claims against Defendants are barred, in whole or in part, because they cannot satisfy any of the requirements for certification of a class under Federal Rule of Civil Procedure 23.

## NINETEENTH DEFENSE

The putative class period is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

**TWENTIETH DEFENSE**

Lead Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs and expenses.

**TWENTY- FIRST DEFENSE**

Defendants hereby provide notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to amend their Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.

WHEREFORE, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice, with costs and disbursements to Defendants, and seek such other legal and equitable relief, including an award of attorneys' fees, as the Court may deem just and proper.

Dated: October 18, 2021

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
BY:   */s/ Audra J. Soloway*
Daniel J. Kramer (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY  10019-6064
Phone:  (212) 373-3000
Fax:  (212) 757-3990
dkramer@paulweiss.com
asoloway@paulweiss.com

WIGGIN & DANA
David A. Ring
Robyn E. Gallagher
265 Church Street
New Haven, CT 06510
Telephone:  (860) 297-3703
dring@wiggin.com
rgallagher@wiggin.com

*Attorneys for Alexion Pharmaceuticals, Inc., Leonard Bell, David L. Hallal, and Vikas Sinha*