UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEC 21 2023 AM 10:11
FILED-USDC-CT-HARTFORD

| | |
|---|---|
| BOSTON RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXION PHARMACEUTICALS, INC., LEONARD BELL, DAVID L. HALLAL, VIKAS SINHA,<br><br>Defendants. | Civ No. 3:16-cv-02127 (AWT) |

**FINAL ORDER AND JUDGMENT**

**WHEREAS:**

A. As of September 11, 2023, lead plaintiffs Erste Asset Management GmbH, f/k/a Erste-Sparinvest Kapitalanlagegesellschaft mbH (hereinafter, "Erste") and Public Employee Retirement System of Idaho ("PERSI," and together with Erste, "Lead Plaintiffs" or "Class Representatives"), on behalf of themselves and all other members of the Class (defined below), on the one hand, and defendants Alexion Pharmaceuticals, Inc. ("Alexion" or the "Company"), Leonard Bell, David L. Hallal, and Vikas Sinha (collectively, the "Individual Defendants," and together with Alexion, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered September 19, 2023 (the "Preliminary Approval Order"), the Court scheduled a hearing for December 20, 2023 (the "Settlement Hearing") to, among other things: (i) determine

1

whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Class Counsel's Fee and Expense Application;

  C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

  D. The Notice and the Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by November 29, 2023;

  E. The provisions of the Preliminary Approval Order as to notice were complied with;

  F. On November 15, 2023, Class Representatives moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on December 20, 2023, at which time all interested Persons were afforded the opportunity to be heard; and

  G. This Court has duly considered Class Representatives' motion for final approval of

the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on September 13, 2023; and (ii) the Notice, which was filed with the Court on November 15, 2023. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Class Members.

3. Consistent with the Court's Order, dated April 13, 2023, and for settlement purposes only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Class consists of: all persons or entities who purchased or otherwise acquired the publicly traded common stock of Alexion Pharmaceuticals, Inc. from January 30, 2014 to May 26, 2017, inclusive, and who were allegedly damaged thereby. Excluded from the Class are: (i) Defendants; (ii) members of the Immediate Families of the Individual Defendants; (iii) Alexion's subsidiaries and affiliates; (iv) any person who is or was an officer or director of Alexion or any of the Company's subsidiaries or affiliates during the Class Period; (v) any entity in which any Defendant has a controlling interest; and (vi) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. No Class Member has timely and validly sought exclusion from the Class.

4. Consistent with the Court's Order, dated April 13, 2023, and pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-

affirms its appointment of (a) Erste and PERSI as Class Representatives for the Class; and (b) the law firms of Labaton Sucharow LLP and Motley Rice LLC as Co-Class Counsel for the Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Class Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, of Class Members' right to object or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There has been one objection to the Settlement, which was submitted by Frederick Appel, ECF No. 322. For the reasons set forth in Class Representatives' reply memorandum of law, and as discussed at the Settlement Hearing, the objection is overruled in its entirety. Mr. Appel has not established that he is a Class Member with standing to object and the Settlement appropriately, given the scope of the claims and the definition of the Class, does not include option traders.

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Co-Class Counsel have adequately

represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel with the assistance of an experienced and well-respected mediator; (c) the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Amended Complaint"), filed on June 2, 2019 (ECF No. 121), is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

10. Upon the Effective Date of the Settlement, without further action by anyone, Class Representatives and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant

Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

11. Upon the Effective Date of the Settlement, without further action by anyone, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12. Notwithstanding paragraphs 10–11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

14. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

    (a) do not constitute, and shall not be offered or received against or to the prejudice

of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Class Representatives or the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Class Representatives, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Class Representatives, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Plaintiffs, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount.

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

17.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.     A separate order shall be entered regarding Co-Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order also shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Moreover, such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

It is so ordered.

Dated this 20th day of December 2023, at Hartford, Connecticut.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge